## AMERICAN TELEPHONE & TELEGRAPH CO. v. HENDERSON.

### Civ. A. No. 2831.

District Court, N. D. Georgia, Atlanta Division.

Oct. 26, 1945.

Neely, Marshall & Greene, of Atlanta, Ga., for plaintiff.

W. S. Northcutt and Rache Bell, both of Atlanta, Ga., for defendant.

UNDERWOOD, District Judge.

The above case came on for trial upon defendant's motion to dismiss.

It appears from plaintiff's original petition for declaratory judgment filed March 3, 1945, and additional petition for restraining order filed October 8, 1945, that defendant wrote plaintiff on February 24, 1945 advising it of his claim for additional compensation and liquidated damages under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. By clear implication, defendant advised plaintiff that he would file suit upon such claim, if not satisfied, in the State court prior to the running of the statute of limitations, which was imminent. It further appears from the petition that upon receipt of said letter plaintiff promptly. on March 3, 1945, filed this suit for judgment declaring that defendant was not entitled to recover any overtime payments whatsoever upon the ground that his employment did not come within the purview of the Fair Labor Standards Act.

Upon the filing of this anticipatory suit, defendant filed suit in the Superior Court of Fulton County upon his said claim on March 7, 1945.

The plaintiff in this case filed a plea in abatement in the State court which was, upon the hearing, decided against it and the State court case left pending for trial upon the merits.

Under the Federal statute, the Federal courts and State courts have concurrent jurisdiction over actions under the Fair Labor Standards Act. But it is within a sound judicial discretion whether a court takes jurisdiction in a suit for declaratory judgment.

There is nothing appearing in this case, as disclosed by plaintiff's petitions, which makes necessary or proper a declaratory judgment. There are no special defenses which plaintiff could not raise in the State court but could raise here. Furthermore, it appears that the action for declaratory judgment was filed in an effort to permit plaintiff to select the jurisdiction in which to try the issues involved, a right, in the absence of any special grounds, which ordinarily belongs to the person having a claim to enforce.

The proceeding for declaratory judgment is not intended to afford a defendant an opportunity to choose the forum nor to defend an imminent action by the opposite party by an affirmative action for declaratory judgment in another forum, unless it appears that only thus may his rights be fully protected.

I find that there is no occasion to sustain this declaratory judgment suit, since the issues are simple and can be as effectively and promptly tried in the State Court as in this Court, and plaintiff will not be deprived of any rights nor suffer any hardships by dismissal of the suit.

To sanction a suit for declaratory judgment in a case of this kind would encourage an unseemly race by a defendant against a claimant to select the jurisdiction in which a case is to be tried.

The granting of declaratory relief is a matter resting in the sound discretion of the Court, and in the exercise of such discretion I find that the motion to dismiss this proceeding should be sustained and the action dismissed.

Whereupon, it is considered, ordered and adjudged that the petition for declaratory judgment be, and hereby is, dismissed at plaintiff's costs.