**STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff,**

v.

**Dennis K. TAYLOR and Tina B. Taylor, Defendants.**

**No. C–87–311–R.**

United States District Court,
M.D. North Carolina,
Rockingham Division.

Jan. 7, 1988.

Russell F. Ethridge and Beth R. Fleishman of Yates, Fleishman, McLamb and Weyer, Raleigh, N.C., for plaintiff.

David B. Freedman, Fred G. Crumpler, Jr. and Walter C. Holton, Jr. of White and Crumpler, Winston–Salem, N.C., for defendants.

## MEMORANDUM OPINION AND ORDER

HIRAM H. WARD, Chief Judge.

This matter comes before the Court on defendants' motions [1] to dismiss pursuant to the Court's discretion in declaratory judgment actions and pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure and on Motion of Defendants For Rule 11 Sanctions Against Plaintiff (December 29, 1987). The Court reserved ruling on the motions to dismiss in its previous Memorandum Opinion and Order of December 2, 1987.[2] Plaintiff brought this declaratory judgment action seeking a determination of whether it is liable under a fire insurance policy issued to defendants. The Court heard oral argument on defendants' motions to dismiss on December 15, 1987, and they are now ready for disposition. Finding that plaintiff has flagrantly

---

1. Defendants make their motions to dismiss in their Answer and Motion to Dismiss and Counterclaim (August 6, 1987). *See also* (Defendants' Brief Supporting Motion to Dismiss (August 11, 1987)).

2. Additionally, the Court previously denied defendants' Rule 12(b)(1) and 12(b)(6) motions to dismiss. *See* Memorandum Opinion and Order of December 2, 1987.

abused the Federal Declaratory Judgment Act, the Court will grant defendants' motion directed to its discretion and dismiss this action. Additionally, finding that defendants' Rule 12(b)(7) motion to dismiss for failure to join an indispensable party is mooted by the Court's discretionary ruling, the Court will deny the same.[3] Lastly, finding that Rule 11 does not mandate sanctions in this matter, defendants' motion thereon will be denied.

## FACTS

Plaintiff State Farm Fire and Casualty Company [State Farm] issued a home owners policy [the policy] to defendants Dennis K. Taylor and Tina B. Taylor [the Taylors]. The policy's effective dates were from August 1, 1986 until August 1, 1987. The policy provided fire insurance coverage for a dwelling on the Taylors' premises, personal property located therein, and possibly "loss of use." The policy was in full force and effect on October 9, 1986. The Farmers Home Administration [FHA] held the mortgage on defendants' home.

On October 9, 1986, a fire occurred at the insureds' premises damaging the dwelling and at least some of the contents therein. On November 24, 1986, the Taylors submitted a sworn statement in "proof of loss" which State Farm received on November 26, 1986. The Taylors claimed policy benefits arising from the October 9, 1986 fire in the amount of $91,308.00. State Farm conducted an investigation into whether the fire was of accidental or incendiary origin.

On May 15, 1987, State Farm filed this declaratory judgment action in the United States District Court for the Middle District of North Carolina seeking an adjudication of rights under the policy with respect to the October 9, 1986 fire. Three days *after* filing the declaratory judgment action, State Farm sent the Taylors notice of denial of their claim under the insurance policy along with a courtesy copy of the complaint. *See* (Defendants' Motion exhibit No. 2) (May 18, 1987 letter of claim denial). The Taylors moved for dismissal, answered, and counterclaimed on August 6, 1987; State Farm replied on August 25, 1987.[4] Counsel for the Taylors stated at oral argument that they intend to file a coercive action in state court if the case at bar is dismissed.

## DISCUSSION

As indicated above, the primary issue before the Court is whether the case at bar should be dismissed. The Court will first address the motion directed to its discretion and then briefly address the Rule 12(b)(7) motion. Lastly, the Court will address defendants' Rule 11 motion.

The Federal Declaratory Judgment Act states in pertinent part:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration....

28 U.S.C. § 2201 (emphasis added). The terms of the Federal Declaratory Judgment Act are not mandatory. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620, 1625 (1942). "[I]t now is well settled by a multitude of cases that the granting of a declaratory judgment rests in the sound discretion of the trial court exercised in the public interest." 10A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2759, at 645 (2d ed. 1983) [hereinafter *Wright & Miller*]. *See Aetna Casualty & Surety Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937). In exercising its discretion, the court's duty is to properly balance the

---

**3.** In its December 2, 1987 Order, the Court discussed at length the posture of defendants' motion to dismiss for failure to join a party under Rule 19. However, the decision to dismiss this action in the Court's discretion renders further discussion of the 12(b)(7) motion unnecessary.

**4.** State Farm has not paid the claim; it asserts upon information and belief that it is not obligated under the policy because the defendants participated in causing the fire and misrepresented material facts related to their claim. The defendants deny participation in causing the fire and deny making misrepresentations. The Court expresses no opinion as to the substantive merits of the claim made under the policy.

plaintiff's need for declaratory relief against "the consequences of giving the desired relief." 10A *Wright & Miller* § 2759, at 645–46. Therefore, the specific issue before the Court on defendants' first motion is whether the facts surrounding the instant case render declaratory relief appropriate.[5]

■ A court must balance the plaintiff's needs for and the consequences of declaratory relief in the context of the purposes of the declaratory judgment remedy. The purpose of the Federal Declaratory Judgment Act is remedial and procedural. *Lawrence County, S.D. v. State of S.D.*, 668 F.2d 27, 29 (8th Cir.1982) (citing *Skelley Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950)). One of its purposes is to provide a remedy in situations in which an actual dispute exists over the rights and obligations of parties even though the controversy has not yet matured to a point where a coercive remedy is available. 10A *Wright & Miller* § 2751, at 568. Additionally, its purposes include providing a remedy in situations in which a dispute has reached the point that a party *is* entitled to seek a coercive remedy but has *failed* to do so. *Id.*

■ The existence of another adequate remedy is not a bar to a declaratory remedy. Fed.R.Civ.P. 57. However, in determining whether to entertain a declaratory action, a court should consider whether a useful practical purpose will be served thereby; in other words, does the declaratory plaintiff need the remedy. *United States v. Jones*, 176 F.2d 278, 280 (4th Cir.1949). A useful purpose may be served if the party entitled to bring a coercive action *fails* or *delays* in bringing it. A declaration of rights and obligations is useful if it prevents the accrual of damages.

Additionally, a declaration may be useful if it relieves a party from acting at his peril while uncertain of his legal rights because another party is yet to bring a coercive action.

In the instant case, the Taylors have not "failed or delayed" in bringing a coercive action. When they learned that State Farm was denying their claim, the declaratory action had already been filed; thus, they had no opportunity to bring the coercive action. In addition, the Taylors were not unreasonable in not filing a parallel state action during the pendency of this declaratory action.[6] State Farm has not contended, nor does the Court perceive, a potential for the accrual of damages or the need for State Farm to act at its peril while being uncertain of its rights. Under the facts presented, a declaratory action would not usefully serve the purposes of the Act. In such cases, a court should carefully examine whether the case should be dismissed in its discretion.

■ Although the Act is to be construed liberally to effect its purposes,[7] cases manifest several discretionary guidelines which limit the availability of the declaratory remedy. For example, a court may be induced to deny declaratory relief if the judgment sought would not settle the controversy between the parties; such relief is not to be used to try a case by piecemeal. *See* 10A *Wright & Miller* § 2759, at 648; *Allied–General Nuclear Services v. Commonwealth Edison Co.*, 675 F.2d 610, 611 (4th Cir.1982) (citing *Aetna Casualty*, 92 F.2d at 325). Moreover, a declaratory action should not be used "to interfere with an action which has already been instituted." *Allied–General* at 611.

■ Additionally, and most importantly to the case at bar, "[t]he anticipation of

---

5. "Declaratory judgments commonly are sought and frequently rendered concerning liability or nonliability under insurance policies; but, of course, whether an action lies for such relief depends on the existence of federal jurisdiction, an actual controversy, *and facts and circumstances under which the relief is appropriate.*" 15A *Cyclopedia of Federal Procedure* § 90.41, at 403 (3d ed. 1976) (emphasis added).

6. Although the existence of a parallel state action is a factor to be considered, it is not an inflexible prerequisite for a discretionary dismissal, particularly where, as here, the potential *coercive* plaintiff intends to bring an action.

7. *See Exxon Corp. v. F.T.C.*, 588 F.2d 895, 900 (3d Cir.1978); *Sherwood Medical Industries, Inc. v. Deknatel, Inc.*, 512 F.2d 724, 729 (8th Cir. 1975).

defenses is not ordinarily a proper use of the declaratory judgment procedure. It deprives the plaintiff of his traditional choice of forum and timing, and it provokes a disorderly race to the courthouse." *Hanes Corp. v. Millard*, 531 F.2d 585, 592–93 (D.C.Cir.1976). A district court may properly consider the inequity of permitting a declaratory plaintiff to gain precedence in time and forum by filing a declaratory action which is *merely anticipatory* of a parallel state action. *See Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 & n. 3 (5th Cir.1983) (anticipatory suits are disfavored; affirmed dismissal of declaratory action);[8] *See also Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663 (5th Cir.1967) (anticipation of state suit is an equitable consideration; affirmed dismissal of declaratory action).

"The courts properly decline relief if the declaratory judgment procedure, and the federal forum, is being used [in a 'race for res judicata' 'or for procedural fencing']." 10A *Wright & Miller* § 2759, at 651. The Act is not intended to encourage a race to the courthouse. *Board of Education v. HEW*, 396 F.Supp. 203, 250 (S.D.Ohio 1975) ("the right to maintain a declaratory judgment action does not depend on which party filed suit first"). *See also Fireman's Ins. Co. of Newark v. Riley*, 322 F.Supp. 349, 351 (W.D.Ky.1971) (not intended to encourage a race to courthouse).

The above guidelines suggest that in many cases a balance must be struck between the interests of the parties. On the one hand, the person who may be entitled to coercive relief has traditional interests in choice of forum, timing, and avoiding a race to the courthouse. On the other hand, if the person who may be entitled to coercive relief does not bring an action, the other party has an interest in being relieved from the uncertainty and insecurity arising from a controversy. *Aetna Casualty*, 92 F.2d at 325 (terminate and afford relief from uncertainty, insecurity, and controversy).

Under the facts of this case, the balance tips decidedly in favor of the Taylors. The facts as to what occurred after the October 9, 1986 fire are not in dispute. The Taylors made a claim under the policy and State Farm investigated the circumstances of the fire. State Farm sent the Taylors notice of disallowance of claim by letter dated May 18, 1987.[9] However, State Farm had already, three days earlier, filed this declaratory judgment action. The Taylors did not even have notice of State Farm's denial before they were outraced to the courthouse by State Farm. Certainly, the Taylors did not delay in bringing a coercive action once the basis for it was known to them. Since there was no delay, State Farm did not need relief from uncertainty and insecurity resulting from a "coercive plaintiff's" failure to bring an affirmative action. The Taylors intend to bring a coercive action upon the dismissal of this action. State Farm simply anticipated the defense it would assert against the Taylors and outraced them to the courthouse before giving them notice of denial of claim.

■ In addition, the Taylors have been deprived of their legitimate interests in choice of forum, timing, and most importantly avoiding a race to the courthouse. Therefore, after considering the interests of the parties, the Court finds that the balance tips decidedly in favor of the Taylors indicating that this declaratory judgment action should be dismissed.

■ State Farm makes several arguments in opposition to the Court's conclusion. First, it argues that dismissing this action will be a waste of judicial energy because the Taylors will file a state action which State Farm will remove to federal court. There is a short and a long response to this argument. The short response is simply that a party may not justi-

---

8. "The proceeding for declaratory judgment is not intended to afford a defendant an opportunity to choose the forum nor to defend an imminent action by the opposite party [by using a declaratory action] unless it appears only thus may his rights be fully protected." *American Telephone & Telegraph v. Henderson*, 63 F.Supp. 347, 347 (N.D.Ga 1945).

9. *See* (Defendants' Motion Hearing exhibit No. 2).

fy the abuse of a procedural and remedial device on the grounds that the correction thereof will result in some inefficiency.

■ The long response is that State Farm takes an unjustifiably narrow view of judicial economy. State Farm alludes only to the *apparent* efficiencies of this particular case without considering the paramount concern of preserving the integrity of the declaratory remedy in the context of civil disputes. The declaratory remedy is *not* a *tactical device* whereby a party who would be a defendant in a coercive action may choose to be the plaintiff if he can beat the other party to the courthouse. A contrary view would promote a disorderly race to the courthouse. It would create an environment in which parties to disputes would feel the urgency to file a lawsuit lest they lose a tactical advantage. Such an environment would discourage the *prelitigation* settlement of disputes and thus *prejudice* judicial economy.

It may be that dismissal of this declaratory judgment action and the removal of a subsequent state action will *superficially* resemble the old nursery rhyme:

"The King of France
With forty thousand men
Marched up the hill
And then marched back again"

However, at least the parties will be properly aligned,[10] and far more importantly, the integrity of the Federal Declaratory Judgment Act will be preserved.

State Farm's second argument in opposition to dismissal is that the *Aetna Life* decision controls this case. The principle of law from *Aetna Life* most relevant to the present case is that the declaratory remedy is appropriate to resolve, *inter alia,* disputes which require resolution of only factual issues. The dispositive issue in this case, whether the Court should in its discretion dismiss the declaratory action because of facts which show that the plaintiff prematurely outraced the defendant to the courthouse for a tactical advantage, simply was not before the court in *Aetna Life.*

Therefore, it is not dispositive of the instant motion.

State Farm next argues that it needed to file this declaratory action quickly to preserve the testimony of a potential witness who allegedly overheard one of the Taylors make statements damaging to their insurance claim. However, both the federal and North Carolina rules of civil procedure provide a mechanism whereby a potential litigant may preserve testimony. *See* Fed.R. Civ.P. 27; N.C.R.Civ.P. 27. Thus, there was no need to misuse the Federal Declaratory Judgment Act to preserve testimony.

State Farm next argues that because it will have the burden to prove arson it has the right to be the plaintiff. State Farm's argument essentially is that a party who contemplates asserting an affirmative defense has the right to anticipate such a defense by filing a declaratory action. As discussed above, the anticipation of defenses is not a proper purpose of the declaratory remedy because it would lead to a race to the courthouse. Additionally, the burden of proof on arson is only part of the case. The Taylors have the burden of showing a covered loss albeit not disputed in this case. However, the Taylors' burden of proof on damages in the instant case is of practical significance because the amount thereof is contested.

In summary, the Court finds that this action should be dismissed in its discretion because the declaratory plaintiff simply raced to the courthouse for tactical advantage. Additionally, the Court's holding moots the Taylors' 12(b)(7) motion. Therefore, it will be denied.

■ As to defendants' motion for Rule 11 sanctions, the Court notes that an "improper purpose" under Rule 11 is not synonymous with an action being filed which does not "serve the purposes" of the Federal Declaratory Judgment Act. Even though plaintiff improperly filed a declaratory action, there is no indication that it did so to harass, cause delay, or increase the cost of litigation. Additionally, this action is being dismissed in the Court's *discre-*

---

**10.** Since the procedural facts of *this specific case* do not justify a declaratory action, the parties will be properly aligned with the Taylors as plaintiffs in a coercive action.

*tion,* and the record does not demonstrate that plaintiff failed to make a good faith attempt to extend or modify existing law. Therefore, defendants' Rule 11 motion will be denied.

IT IS, THEREFORE, ORDERED that the Taylors' motion to dismiss in the Court's discretion be, and the same hereby is, GRANTED and that this action be, and the same hereby is, DISMISSED in the Court's discretion associated with declaratory actions.

IT IS FURTHER ORDERED that the Taylors' Rule 12(b)(7) motion be, and the same hereby is, DENIED AS MOOT.

IT IS FURTHER ORDERED that Motion of Defendants for Rule 11 Sanctions Against Plaintiff be, and the same hereby is, DENIED.