**Murray GRIBIN, Plaintiff,**

v.

**HAMMER GALLERIES, A DIVISION of HAMMER HOLDINGS, INC.; Jules Brassner, Defendants.**

**No. 92–0411 RG (Sx).**

United States District Court, C.D. California.

May 7, 1992.

David Paul Steiner of Steiner & Saffer, a Professional Law Corp., Los Angeles, Cal., for plaintiff Murray Gribin.

Sheldon M. Jaffe and Robert E. Young of Law Offices of Sheldon M. Jaffe, Los Angeles, Cal., for defendants Hammer Holdings, Inc. and Jules Brassner.

**ORDER ON DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, TO CHANGE VENUE**

GADBOIS, District Judge.

This action came on for hearing before the Court, Honorable Richard A. Gadbois, Jr., presiding, on April 20, 1992. Having considered the moving and opposition papers, arguments of counsel and all other matters presented, the Court hereby rules as follows.

### Background

The Plaintiff is an art collector who sold a painting by Marie Laurencin entitled "Three Young Ladies" to Defendant Brassner for $450,000 in June, 1990. (Unbeknownst to Plaintiff, Defendant Hammer

Galleries was Brassner's "partner" in the purchase and put up half of the purchase price—apparently because the two Defendants planned on re-selling the painting to a Japanese buyer.) The sale was consummated through Ansley Graham, either—this is disputed by the parties—by *Graham* contacting Brassner and offering to sell him the painting or by *Brassner* contacting Graham and offering to buy the painting. According to the Complaint, Graham was a former private art broker and mutual friend of both Plaintiff and Brassner and did not receive any commission for the sale. Pursuant to the purchase agreement, the painting was accompanied by a certificate of authenticity of Paul Petrides—who is "the. leading expert on Marie Laurencin art," according to Plaintiff.

It seems, however, that Defendants' Japanese buyer wanted the painting examined by Daniel Marchessau—who, Plaintiff claims, is a more recently established expert on Laurencin art, but, according to Defendants, is "the leading expert on Marie Laurencin." Apparently, Marchessau examined the painting and refused to include it in his Catalogue Raisonne of the works of Marie Laurencin, which, according to Defendants, is "tantamount to ... a determination that the painting is less than authentic" and thus makes it "unsaleable [with] virtually no market value."

Subject matter jurisdiction is based on diversity, pursuant to 28 U.S.C. § 1332(a)(1) (Supp.1991).

### Analysis

## A. MOTION TO DISMISS.

### 1. Standards for Hearing Declaratory Action.

The Declaratory Judgment Act [28 U.S.C. § 2201(a)] provides:

> In a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

"[I]t is now well settled by a multitude of cases that the granting of a declaratory judgment rests in the sound discretion of the trial court exercised in the public interest." 10A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2759, at 645 (2d ed. 1983 & Supp.1991) (hereinafter Wright & Miller).

Declaratory relief will ordinarily be granted when it will "serve a useful purpose in clarifying the legal relations in issue or terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Tierney v. Schweiker*, 718 F.2d 449, 457 (D.C.Cir. 1983); *see Maryland Cas. Co. v. Rosen*, 445 F.2d 1012 (2d Cir.1971); Wright & Miller § 2758, at 630.

■ On the other hand, a district court ordinarily should not entertain a declaratory action "where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." *Continental Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1370 (9th Cir.1991) (quoting *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 1176, 86 L.Ed. 1620 (1942)).[1]

### 2. Race to the Courthouse.

■ Presently, there is no parallel action pending in any court. However, Defendants contend that Plaintiff beat them to the courthouse door and they would have filed/will file this action in the Southern District of New York.[2]

Defendants cite a plethora of cases from other circuits to buttress the notion that the Declaratory Judgment Act should not be used to "deprive the plaintiff of his traditional choice of forum and timing, ... provok[ing] a disorderly race to the court-

---

**1.** The same rule applies where the parallel action is pending in another federal district. *See Rowan Companies, Inc. v. Blanton*, 764 F.Supp. 1090, 1093 (E.D.La.1991).

**2.** According to Defendants' moving papers, when Defendants learned that the subject painting would not be included in Marchessau's catalogue, they telephoned Plaintiff and requested that he rescind the purchase agreement, immediately upon which Plaintiff filed this action.

house." *Hanes Corp. v. Millard,* 531 F.2d 585, 593 (D.C.Cir.1976).

In response, Plaintiff argues that most of the cases cited by Defendants are ones in which a parallel action had been filed. Defendants reject this distinction as irrelevant, contending that they have clearly announced their intention to file suit as soon as this action is dismissed or transferred, but have not done so yet in the interests of economy.

■ While some earlier courts applied a chronological test—whereby the first suit commenced is allowed to proceed—this Court believes "the discretion of the federal court cannot turn on so mechanical rule"; rather:

> The real question for the court is not which action was commenced first but which will most fully serve the needs and convenience of the parties and provide a comprehensive solution of the general conflict.

Wright & Miller § 2758, at 637–38.

### 3. Anticipation of Defense.

> The Declaratory Judgment Act was not intended to enable a party to obtain a change of tribunal from a state to federal court, and it is not the function of the federal declaratory action merely to anticipate a defense that otherwise could be presented in a state action.

Wright & Miller § 2758, at 631–632.

In their Reply, Defendants elaborate on the circumstances giving rise to Plaintiff's filing of this action. Defendants allege that they waited over a year after learning of the dubiousness of the painting's authenticity to file suit—during which time, they investigated the authenticity and repeatedly spoke with Plaintiff who "insinuated that if it were determined that the painting were not a Laurencin original, he would refund the purchase price." Then, when Marchessau finally and unequivocally refused to authenticate it, Defendants claim, they "formally … demanded rescission," upon which Plaintiff "cunningly moved instantly to bring this lawsuit"

while Defendants were still awaiting his response to their rescission demand.[3]

Numerous courts have refused to grant declaratory relief to a party who has come to the court only to assert an anticipatory defense:

The Fifth Circuit held that the district court had not abused its discretion in staying a declaratory action pending the outcome of a parallel suit in another federal district court, filed by the declaratory defendant 40 days *after* the declaratory action was instituted. *Amerada Petroleum Corporation v. Marshall,* 381 F.2d 661 (5th Cir.1967), *cert. denied,* 389 U.S. 1039, 88 S.Ct. 776, 19 L.Ed.2d 828. The court relied on the district judge's findings that (1) the declaratory action "apparently was in anticipation of the New York suit[,] an equitable consideration which the district court was entitled to take into account" [citations omitted], *id.* at 663; and (2) factors … favor[ed] New York as the better forum." *Id.* at 664.

The Seventh Circuit affirmed a district court's dismissal of a declaratory action, where a general contractor sought declarations that (1) it was not in charge of the construction site where an accident had occurred, (2) the injured employees had no cause of action against it, and (3) the subcontractor was liable to indemnify it for any amount recovered. *Cunningham Brothers, Inc. v. Bail,* 407 F.2d 1165, 1167 (7th Cir.1969). The court held that:

> to compel potential personal injury plaintiffs to litigate their claims at a time and in a forum chosen by the alleged tortfeasor would be a perversion of the Declaratory Judgment Act.

*Id.* at 1167.

The Fourth Circuit upheld a district court's refusal to entertain a declaratory relief prayer where the "apparent reasons for the ruling were that the declaratory plaintiff's suit was anticipatory of the action at law [filed ten days *later* in another federal district] and that a declaratory judgment might not settle the entire controversy." *Allied–General Nuclear Ser-*

---

**3.** Apparently, Defendants plan to sue Plaintiff for fraud and breach of contract.

*vices v. Com. Edison Co.*, 675 F.2d 610, 613 (4th Cir.1982).[4]

In a case discussed earlier, *Hanes*, 531 F.2d at 585, the D.C. Circuit first considered whether the district court had properly exercised its jurisdiction in entertaining the declaratory action which involved patent infringement—one of the types of litigation for which the Declaratory Judgment Act was particularly designed. However, the court distinguished the plaintiff in *Hanes* from the usual declaratory patent plaintiff—one who brings suit due to her uncertainty about the legality of the course of conduct she wishes to pursue—because Hanes instead was:

> simply in the position of one expecting to be sued for past alleged transactions ... [and] one who desires an anticipatory adjudication, at the time and place of *its* choice, of the validity of the defenses it expects to raise against patent-related claims it expects to be pressed against it.

*Id.* at 592.

### 4. *Failure or Delay in Bringing Suit.*

Additionally, one district court has devoted a thoughtful consideration to many of the issues presented in the instant case. In *State Farm Fire and Cas. Co. v. Taylor*, 118 F.R.D. 426 (M.D.N.C.1988), the court dismissed State Farm's declaratory action seeking a determination of whether it was liable under a fire insurance policy issued to the defendants. After reviewing some "discretionary guidelines" to be considered, the court held "most importantly to the case at bar, '[t]he anticipation of defenses is not a proper use of the declaratory judgment procedure'." *Id.* at 429–30. The court emphasized:

4. The court noted the rule that, ordinarily, upon multiple suits being filed in different federal courts upon the same factual issues, the first action is permitted to proceed to the exclusion of the other, but stated: "Given our disposition here, we have no occasion to consider the applicability of this rule of priority to the instant controversy." *Id.* at 611 n. 1.

5. The Ninth Circuit has recently spoken similarly on this point. An insurance company brought a declaratory action—seeking a declaration of non-liability on an insurance policy—one month after the insureds had filed suit for breach of contract. *Continental Cas. Co. v. Rob-*

> The declaratory remedy is *not a tactical device* whereby a party who would be a defendant in a coercive action may choose to be plaintiff if he can beat the other party to the courthouse.

*Id.* at 431 (emphasis in the original).

The court explained that a useful purpose may be served—the guiding principle for whether to entertain declaratory actions—"if the party entitled to bring a coercive action *fails* or *delays* in bringing it." *Id.* at 429 (emphasis in the original). However, the court found that the insureds had not so delayed since the declaratory action had been filed before they had the opportunity to file their own action. *Id.* Thus, State Farm could not show it needed relief from any "uncertainty and insecurity" caused by a "coercive plaintiff's" failure to sue, *id.*, or that its "rights could be fully protected" only by a declaratory action. *Id.* at 430 n. 4 (citing *American Telephone & Telegraph v. Henderson*, 63 F.Supp. 347, 347 (N.D.Ga.1945)).

Significantly, the court also went on to hold that the insureds had not been unreasonable in not filing a parallel action *during the pendency* of the declaratory action, stating:

> Although the existence of a parallel state action is a factor to be considered, it is not an inflexible prerequisite for a discretionary dismissal, particularly, where, as here, the potential *coercive* plaintiff intends to bring an action.

*Id.* at 429 n. 6.[5]

### 5. *Relief from Uncertainty Arising from Delay in Prosecution.*

In his Opposition, Plaintiff claims:

*sac Industries*, 947 F.2d 1367 (9th Cir.1991). The Ninth Circuit found the district court had abused its discretion by not dismissing or staying the declaratory action—brought solely on the basis of diversity jurisdiction. The court's holding rested in part on the interest in avoiding litigants' use of the declaratory judgment action as a means of forum shopping—finding the insurance company's suit represented "the archetype of ... 'reactive' litigation." *Id.* at 1372. In response to the insurance company's contention that it had intended to file suit in federal court *before* the insured filed the state court action, the court stated:

Defendants ignore the fact that plaintiff has attempted to resolve the dispute without litigation but to no avail. Plaintiff has at all times been fully cooperative and anxious to resolve this dispute expeditiously.

Opposition, at 13.

However, this Court has not located in the record any declarations or other support for these alleged attempts to resolve the parties' dispute. Nor has the Court unearthed any claims by Plaintiff that the continuing unresolved status of the conflict (or Defendants' failure to prosecute) has caused Plaintiff any particular harm. Nor did Plaintiff request any damages in his prayer for relief—other than costs and expenses of the litigation.

On this record, the only potential harm to the Plaintiff is that he may have to defend a suit in New York, which will be more costly and difficult for him. However, this implicates the very principle behind the cases cited above: the allegedly aggrieved party is entitled to choose the time and place for suit.

## B. CONCLUSION OF THE COURT.

Finding that Plaintiff has artfully filed this action as a preemptive maneuver in anticipation of his defense and in order to seize a California forum, this Court hereby exercises its discretion to dismiss this action.

The action is dismissed *without* prejudice.[6]

IT IS SO ORDERED.

Whether the federal declaratory judgment action regarding insurance coverage is filed first or second, it is reactive, and permitting it to go forward when there is a pending state court case presenting the identical issue would encourage forum shopping in violation of the *Brillhart* principle.

*Id.* at 1372–73.

**6.** Plaintiff may attempt to re-file later if, for example, he can show that Defendants' failure to bring suit has caused uncertainty and insecurity from which he needs relief—one of the purposes of the Declaratory Judgment Act.