ALPHATRONIX, INCORPORATED, Plaintiff,

v.

PINNACLE MICRO, INC., Defendant.

No. 1:92CV00580.

United States District Court,
M.D. North Carolina,
Durham Division.

Jan. 15, 1993.

Rodrick J. Enns, Donald J. Harris, Petree Stockton, Winston–Salem, NC, for plaintiff.

C. Allen Foster, Thomas Joseph Pooley, Stephen James Kott, Patton, Boggs & Blow, Greensboro, NC, for defendant.

MEMORANDUM OPINION

BULLOCK, Chief Judge.

This matter is before the court on Defendant Pinnacle Micro, Inc.'s motion to dismiss Plaintiff Alphatronix, Inc.'s declaratory judgment action. Also before this court is Alphatronix' motion to consolidate its declaratory judgment action, Civil Action No. 1:92CV00580 (the "Alphatronix action"), and Civil Action No. 1:92CV00717 (the "Pinnacle action"). For the reasons discussed herein, Pinnacle's motion to dismiss Alphatronix' declaratory judgment action will be granted. Accordingly, Alphatronix' motion to consolidate the two actions is moot.

BACKGROUND

Alphatronix and Pinnacle are competitors in the market for sales of rewritable optical storage systems. On September 9, 1992, Pinnacle received three Alphatronix advertisements or promotional documents from one of its customers which Pinnacle claims contain false and misleading statements purporting to compare an Alphatronix product with Pinnacle's latest product. Alphatronix was planning to, and ultimately did, publish one of these documents in the October 1992 issue of *Byte* magazine. Pinnacle attempted to persuade Alphatronix not to publish this material but was unsuccessful.

On September 10, 1992, Pinnacle sent Alphatronix a letter stating that if Alphatronix did not pull certain advertisements from publication by 5:00 p.m., Friday, September 11, 1992, and cease all misleading documentation relating to the Pinnacle products, Pinnacle would take all appropriate action to protect its rights, including the institution of legal proceedings. Alphatronix did not respond to the Pinnacle letter.

On Monday, September 14, 1992, before 11:00 a.m., Alphatronix commenced this action pursuant to Rule 57 of the Federal Rules

of Civil Procedure and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a). Alphatronix asked this court to declare that (1) a certain advertisement and all statements contained therein are true, accurate and not misleading; and (2) the publication and dissemination by Alphatronix of this advertisement does not violate any rights of Pinnacle under any applicable law.

On November 23, 1992, Pinnacle also filed suit in the Middle District of North Carolina. The Pinnacle action alleges that some of Alphatronix' recent advertising violates Pinnacle's rights under the United States trademark laws, state laws governing unfair or deceptive acts or practices, state laws governing unfair competition, trade libel laws, and other applicable law.

## DISCUSSION

■ Alphatronix brought this action under the Federal Declaratory Judgment Act ("the Act"), which states in pertinent part: "In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration...." 28 U.S.C. § 2201(a). Exercise of jurisdiction under this Act is discretionary, not mandatory. *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620, *reh'g denied,* 317 U.S. 704, 63 S.Ct. 23, 87 L.Ed. 562 (1942); *Aetna Casualty & Surety Co. v. Quarles,* 92 F.2d 321, 324 (4th Cir.1937). "[A] district court may, in its discretion, refuse to issue a declaratory judgment." *White v. National Union Fire Ins. Co.,* 913 F.2d 165, 168 (4th Cir.1990) (citing *A.L. Mechling Barge Lines v. United States,* 368 U.S. 324, 321, 82 S.Ct. 337, 347, 7 L.Ed.2d 317 [1961]).

■ The remedy of a declaratory judgment should not be accorded to "try a controversy by piecemeal, or to try particular issues without settling the entire controversy." *Quarles,* 92 F.2d at 325, *quoted in Allied–General Nuclear Servs. v. Commonwealth Edison Co.,* 675 F.2d 610, 511 (4th Cir.1982), and *Mitcheson v. Harris,* 955 F.2d 235, 239 (4th Cir.1992). According to its plain language, Alphatronix' declaratory judgment complaint seeks a ruling concerning a single Alphatronix advertisement whereas Pinnacle's subsequent complaint seeks relief based on a number of allegedly false and misleading advertisements or promotional materials. The Alphatronix complaint consistently refers to "the Advertisement" and has this single advertisement attached as Exhibit A.

Adjudication of the Alphatronix action will not settle the entire controversy between the parties, and therefore it should be dismissed. The Alphatronix action should also be dismissed as an improper use of the declaratory judgment procedure.

> The declaratory remedy is *not a tactical device* whereby a party who would be a defendant in a coercive action may choose to be a plaintiff if he can beat the other party to the courthouse. A contrary view would promote a disorderly race to the courthouse. It would create an environment in which parties to disputes would feel the urgency to file a lawsuit lest they lose a tactical advantage. Such an environment would discourage the *prelitigation* settlement of disputes and thus *prejudice* judicial economy.

*State Farm Fire and Casualty Co. v. Taylor,* 118 F.R.D. 426, 431 (M.D.N.C.1988). In the case at bar, Pinnacle demanded in its September 10, 1992, letter to Alphatronix that Alphatronix immediately instruct *Byte* magazine and other trade publications to omit the inclusion of certain advertisements from their publications. Pinnacle stated that it would require verification of these retractions by 5:00 p.m. on Friday, September 11, 1992. On Monday, September 14, before 11:00 a.m., Alphatronix filed its declaratory judgment action. The unmistakable inference is that Alphatronix filed this action in anticipation of coercive litigation.

Because Alphatronix' declaratory judgment action was anticipatory of Pinnacle's action at law, and because it will not settle the entire controversy between the parties, Civil Action No. 1:92CV00580 will be dismissed. *See Allied–General Nuclear Servs. v. Commonwealth Edison Co.,* 675 F.2d 610

(4th Cir.1982). Alphatronix' motion to consolidate will be dismissed as moot.