**VEOH NETWORKS, INC., a California corporation, Plaintiff,**

v.

**UMG RECORDINGS, INC., et. al., Defendants.**

**No. 07–CV–1568 W(BLM).**

United States District Court,
S.D. California.

Nov. 14, 2007.

---

Rebecca Lawlor Calkins, Winston and Strawn LLP, Los Angeles, CA, Michael S. Elkin, Thomas Lane, Winston and Strawn, New York City, for Plaintiff.

Benjamin Glatstein, Irell & Manella, Los Angeles, CA, for Defendants.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER [Doc. No. 13]**

THOMAS J. WHELAN, District Judge.

On August 9, 2007 Plaintiff Veoh Networks, Inc. ("Plaintiff") commenced this declaratory judgment action against Defendants UMG Recordings and other UMG-affiliated companies (collectively, "Defendant") seeking a declaration of non-infringement of Defendant's copyrights, primarily under Section 512(c) of the Digital Millennium Copyright Act ("DMCA"). 17 U.S.C. § 512(c). Defendant now moves to dismiss Plaintiff's claims for lack of a "case or controversy," lack of subject matter jurisdiction, and abuse of the Declaratory Judgment Act. In the alternative, Defendant moves to have this suit transferred to the Central District of California. The Court decides the matter on the papers submitted and without oral argument. *See*

Civil Local Rule 7.1(d.1). For the reasons outlined below, the Court **GRANTS** Defendant's motion and dismisses Plaintiff's Complaint **WITHOUT PREJUDICE.**

## I. BACKGROUND

Plaintiff operates Veoh.com, a video hosting service which allows third parties to post, share, and view video on the internet. (*Compl.* ¶¶ 11–12.) Veoh alleges that users of the free Veoh service submit all video content found therein; that is, Veoh does not independently produce or control any content found on the Veoh website.[1] (*Id.* ¶¶ 23–25.)

Defendant is a large record and music publishing company that presumably owns thousands, if not millions, of copyrights. (*Def.'s Mot. to Dismiss* 1–2.) Defendant has a long history of taking legal action to protect its rights from piracy, and in particular has had past success in obtaining injunctive and monetary relief against "peer to peer" file-sharing services. (*Id.* 2.)

At some time in late July 2007, Defendant allegedly accused Plaintiff's service of massively infringing Defendant's copyrights. (*Compl.* ¶ 62.) According to Plaintiff, Defendant threatened litigation at an unspecified future time. (*Id.* ¶ 61.) However, Defendant allegedly refused to provide Plaintiff with information on which specific copyrights were being infringed. (*Id.* ¶ 65.)

On August 8, 2007 Plaintiff filed a complaint seeking declaratory relief that their video hosting service falls within the DMCA Section 512(c) safe harbor.

(*Compl.* ¶ 87(a).) On September 4, 2007 Defendant filed a Motion to Dismiss or to Transfer. (Doc. No. 14.) Also on September 4, 2007 Defendant filed a complaint alleging copyright infringement against Plaintiff in the Central District of California, where Defendant was already pursuing relief against other internet hosting companies. (*Compl. Ex. K; Ex. A—J.*) On September 26, 2007 Plaintiff timely opposed Defendant's Motion to Dismiss or to Transfer. (Doc. No. 19.) On October 3, 2007 Defendant submitted a reply brief, and on October 11 Plaintiff filed a sur-reply.[2] (Doc. Nos.21, 24.)

## II. LEGAL STANDARD

■ The Declaratory Judgment Act enlarged the range of remedies available in federal court, but did not extend federal jurisdiction. 28 U.S.C. § 2201 (2006); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). Thus, as a threshold requirement, a declaratory relief action must involve an actual "case or controversy" so the court does not render an impermissible advisory opinion. *See Flast v. Cohen,* 392 U.S. 83, 95–96, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968); *Coalition for a Healthy Cal. v. F.C.C.,* 87 F.3d 383, 386 (9th Cir.1996) (recognizing that "federal courts have never been empowered to render advisory opinions"). Additionally, declaratory relief is only appropriate when the matter is properly within federal court subject matter jurisdiction. 28 U.S.C. § 2201; *Skelly Oil Co.,* 339 U.S. at 671, 70 S.Ct. 876.

■ Rule 12(b)(1) provides that a court may dismiss a claim for "lack of

---

**1.** Whenever the Court discusses Veoh's "service" or "website," the same facts and principles apply to Veoh's "VeohTV" video-playback software. (*See* Compl. ¶¶ 12, 21.)

**2.** On September 28, 2007 the parties submitted a joint motion extending the time to file a reply. Good cause appearing, the motion is

hereby **GRANTED.** (Doc. No. 20.) On October 11, 2007 Plaintiff moved *ex parte* to file a sur-reply to clarify the status of related litigation pending in the Central District of California. Good cause appearing, the motion is hereby **GRANTED** and the Court will consider the concurrently filed sur-reply. (Doc. No. 23.)

jurisdiction over the subject matter[.]" FED. R. CIV. P. 12(b)(1). Although the defendant is the moving party in a motion to dismiss, the plaintiff is the party that invoked the court's jurisdiction. Therefore, the plaintiff bears the burden of proof on the necessary jurisdictional facts. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir.2001). Whether subject matter jurisdiction exists presents a question of law. *See Nike Inc. v. Comercial Iberica de Exclusivas Deportivas*, 20 F.3d 987, 990 (9th Cir.1994).

## III. DISCUSSION

### A. PLAINTIFF'S COMPLAINT FAILS TO ALLEGE AN ARTICLE III "CASE OR CONTROVERSY"

Defendant first argues that the dispute underlying Plaintiff's request for declaratory relief is too vague to satisfy the United States Constitution's Article III "case or controversy" requirement. (*Def.'s Mot. to Dismiss* 9–12.) Specifically, Defendant argues that the wide-ranging declaratory relief Plaintiff seeks cannot be awarded given the abstraction of Plaintiff's complaint. (*Id.*)

Plaintiff contends that they are faced with a "very real controversy" and that any vagueness in their complaint is due solely to Defendant's refusal to provide copyright information in preliminary discussions. (*Opp'n* 5–6.) Regardless, Plaintiff argues, not knowing which copyrights are being infringed is essential to claiming the Section 512(c) safe harbor. (*Id.*)

The Court disagrees.

■ The complaint in a declaratory relief action must allege facts sufficient to establish an actual controversy. *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir.1980). The disagreement must not be nebulous or contingent, but must have taken on a fixed and final shape so that a court can see what legal issues it

is deciding and what effects its decision will have on the adversaries. *Pub. Serv. Com. v. Wycoff Co.*, 344 U.S. 237, 244, 73 S.Ct. 236, 97 L.Ed. 291 (1952); *United States v. Arnold*, 678 F.Supp. 1463, 1465–66 (S.D.Cal.1988). The controversy must be real, substantial, and capable of specific relief through a decree of conclusive character. *Display Research Labs. v. Telegen Corp.*, 133 F.Supp.2d 1170, 1174 (N.D.Cal. 2001), *citing Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 81 L.Ed. 617 (1937). Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance *of* a declaratory judgment. *MedImmune, Inc. v. Genentech, Inc.*, —— U.S. ——, ——, 127 S.Ct. 764, 771, 166 L.Ed.2d 604 (2007).

■ Although Plaintiff's Complaint suggests disagreement between the parties, the nature and extent of the controversy has not been adequately defined to support federal jurisdiction. Plaintiff's Complaint generally discusses their video hosting operation, that Defendant owns unspecified copyrights, and that Defendant has made unspecified threats of copyright infringement litigation. (*Compl.* ¶¶ 1–2, 10–27.) From these general allegations, Plaintiff seeks a far-reaching declaratory judgment that it is not liable for infringing *any* of Defendant's rights and is entitled to the Section 512(c) safe harbor. *See* 17 U.S.C. § 512(c); (*Compl.* ¶ 87(a)-(d).)

However, because Plaintiff does not reference any specific copyright, even by way of example, the relief requested would necessarily take the form of an advisory opinion. Succinctly, the Court cannot determine whether a safe harbor for copyright infringement exists without knowing which rights are at stake. Rather than "specific relief through a decree of conclusive char-

acter," Plaintiff seeks a blanket validation of the ongoing legality of their business model. Divorced from a particular dispute over specific rights, Plaintiff's Prayer for Relief would have the Court declare a safe harbor as equally applicable against Defendant as to any other copyright holder. Such a declaration's effect on each one of Defendant UMG's copyrights would be uncertain enough; the effect on all other copyright holders not before the Court would be even more nebulous.[3]

 Plaintiff argues that not knowing which copyrights are being infringed is essential to a declaration that their business meets the Section 512(c) safe harbor requirements. That is, acknowledging any infringement would be fatal to their complaint for declaratory relief. (*Opp'n* 5–6.) However, where ignorance of infringement may help establish the defense, actual knowledge is not fatal to the Section 512(c) safe harbor. *See* 17 U.S.C. §§ 512(c)(1)(A) (iii), 512(c)(1)(C); *Perfect 10, Inc. v. CCBill LLC*, 481 F.3d 751, 760 (9th Cir.2007) (explaining that a service provider may qualify for the DMCA safe harbor if it acts "expeditiously to remove, or disable access to, the material[,]" even if it has actual knowledge). By pleading narrowly, Plaintiff cannot use the Section 512(c) safe harbor to bootstrap into federal court, abrogating the "case or controversy" requirement. Rather, there must first be a real, substantial controversy before the Court can even consider whether a litigant is entitled to the Section 512(c) defense.[4] Plaintiff cannot have it both ways.

Because under all the circumstances Plaintiff fails to allege an Article III "case or controversy," the Court **GRANTS** Defendant's motion and **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE**.[5]

**B. EVEN IF THE COURT HAS PROPER JURISDICTION, PLAINTIFF'S CLAIM IS DISMISSED UNDER THE COURT'S DISCRETIONARY POWERS.**

Defendant argues that even if Plaintiff's pleadings are sufficient to satisfy

---

3. For instance, the Court wonders how a broad declaration that Plaintiff meets Section 512(c) requirements, detached from any specific copyrights, would affect future infringement suits brought against Plaintiff. Given the highly factual and time-sensitive findings required to satisfy Section 512(c), would today's declaratory relief essentially give Plaintiff a "free pass" to infringe rights in the future? This question only highlights the fact that Plaintiff requests an advisory opinion, and not resolution of a current, specific dispute.

4. For example, even if Plaintiff identified one copyright, Plaintiff may have a controversy that could be given context and argued against 17 U.S.C. § 512. Additionally, given Defendant UMG's reputation as a large, popular media copyright holder, the Court questions Plaintiff's argument that Plaintiff does not and cannot know of any UMG copyrighted material on their service, and that this ignorance is due solely to Defendant's sandbagging in negotiations. (*Opp'n* 5–6.)

5. Given that Plaintiff has failed the "case or controversy" requirement for seeking relief under the Declaratory Judgment Act, the Court does not reach the question of whether federal subject matter jurisdiction exists, even if Plaintiff had properly pled a "case or controversy." Because the issues are closely related, though, it suffices to say that federal subject matter jurisdiction, especially for declaratory relief, usually presupposes the registration and identification of at least one copyright. *See* 17 U.S.C. § 411 (2006): *see, e.g., Island Software & Computer Service. Inc. v. Microsoft Corp.*, 413 F.3d 257 (2d Cir.2005) (identifying a specific copyright in action for declaratory relief), *Team Play. Inc. v. Boyer*, 391 F.Supp.2d 695, 697 (N.D.Ill.2005) (same). Plaintiff's conclusory analysis of *Vestron, Inc. v. Home Box Office, Inc.*, 839 F.2d 1380 (9th Cir.1988), which deals with state versus federal jurisdiction, is not determinative. (*Opp'n* 6.)

federal jurisdiction, the Court should use its discretionary power to dismiss the declaratory relief claim as an abuse of the Declaratory Judgment Act. (*Def.'s Mot. to Dismiss* 13–16.) Neither Plaintiff's Opposition nor Plaintiff's Sur–Reply counters this argument.

The Court agrees with Defendant.

■■■ Exercising jurisdiction under the Declaratory Judgment Act is discretionary, and federal courts have unique and substantial discretion in deciding whether to declare the rights of litigants. 28 U.S.C. § 2201 (2006) (stating that the Court "may" declare the rights of any interested party); *MedImmune, Inc. v. Genentech, Inc.,* — U.S. —, —, 127 S.Ct. 764, 776, 166 L.Ed.2d 604 (2007), *citing Wilton v. Seven Falls Co.,* 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). Courts must exercise caution in entertaining declaratory relief actions where rulings are sought that would reach far beyond the particular case. *Pub. Serv. Com. v. Wycoff Co.,* 344 U.S. 237, 243, 73 S.Ct. 236, 97 L.Ed. 291 (1952) (dismissing complaint). District courts may consider equitable, prudential, and policy arguments when deciding whether to use their discretion to dismiss a claim. *MedImmune,* 127 S.Ct. at 777.

A court can also decline jurisdiction if it appears that the declaratory relief suit was filed for an improper tactical purpose. *Gribin v. Hammer Galleries, Div. of Hammer Holdings, Inc.,* 793 F.Supp. 233, 236 (C.D.Cal.1992). For instance, courts have recognized that declaratory relief actions are inappropriate when filed merely to improve a bargaining position in ongoing negotiations. *EMC Corp. v. Norand Corp.,* 89 F.3d 807, 809 (Fed.Cir.1996), *overruled in part on other grounds, MedImmune,* — U.S. —, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007).

■■■ Further, using the Declaratory Judgment Act to anticipate an affirmative defense is not ordinarily proper, and numerous courts have refused to grant declaratory relief to a party who has come to court only to assert an anticipatory defense. *Hanes Corp. v. Millard,* 531 F.2d 585, 592–93 (D.C.Cir.1976); *See Gribin,* 793 F.Supp. at 235 (citing cases). Procedurally, Section 512 safe harbor litigation has been postured as an affirmative defense to a specific copyright infringement claim. *See, e.g., Corbis Corp. v. Amazon.com, Inc.,* 351 F.Supp.2d 1090, 1098–99 (W.D.Wash.2004).

■■■ In this case, a declaratory relief action using Section 512 as a sword, rather than a shield, presents particular problems. As discussed in Part A, Plaintiff's requested declaratory relief, given the vagaries of Plaintiff's Complaint, would seemingly insulate Plaintiff's business model against all infringement claims, from every copyright holder, for all time. Indeed, such a judgment would reach far beyond this particular case, which only is against Defendant UMG.

Furthermore, Plaintiff knows that their business, and other businesses similarly situated, operates against the backdrop of constant litigation. (*Def.'s Mot.* 14–16; *Opp'n* 4, 9.) Because Plaintiff's action, jurisdictionally and on the merits, is so ill-defined, the Court suspects its use is more a bargaining chip than a sincere prayer for relief.

■■■ There can be no question that Section 512(c) is usually and most easily applied as an affirmative defense to a claim of specific copyright infringement. *See* 17 U.S.C. § 512(c); *Corbis Corp. v. Amazon.com, Inc.,* 351 F.Supp.2d 1090, 1098–99 (W.D.Wash.2004). The statute uses words like "material," "material that is claimed to be infringing" and "infringing activity." *See* 17 U.S.C. § 512(c). In short, the safe harbor presupposes that a specific allegation of infringement has al-

ready been levied. *See Ellison v. Robertson*, 357 F.3d 1072, 1077–78 (9th Cir.2004) (discussing Section 512 safe harbors, reviewing legislative history and determining that the "limitations of liability apply if the provider is found to be [already] liable *under existing principles of law."*) (emphasis in original). Because Defendant filed suit against Plaintiff less than a month after Plaintiff filed the instant action, the Court suspects Plaintiff is really asserting their defense in a forum of their choice.[6] (*See Compl. Ex. K.*)

There is no risk that Plaintiff will lose their chance to litigate the appropriateness of the Section 512(c) safe harbor. Indeed, in response to the specific infringement claims pending in the Central District of California, the Section 512 safe harbor can be readily applied with the facts necessary to render a conclusive judgment.

In conclusion, the declaratory relief Plaintiff seeks would have an impact far beyond the rights of the litigants before this Court.[7] Moreover, the Court suspects Plaintiff's main purpose in filing their Complaint is tactical, or to anticipate an affirmative defense better raised in the Central District. Given the various problems in Plaintiff's framing and pleading their declaratory relief action, the Court uses its discretion to decline jurisdiction, **GRANTS** Defendant's motion, and **DISMISSES** Plaintiff's declaratory relief claim **WITHOUT PREJUDICE.**

## IV. CONCLUSION

Plaintiff has not pled a "case or controversy" to satisfy federal court jurisdictional requirements under the United States Constitution, Article III. Even if Plaintiff did, the Court uses its discretion to decline jurisdiction for this declaratory relief action. Specifically and for the foregoing reasons, the Court:

- **GRANTS** the Joint Motion for Extension of Time to File Reply in Support of Motion to Dismiss or Transfer. [Doc. No. 20]

- **GRANTS** Plaintiff's *Ex Parte* Motion for Leave to File a Sur–Reply. [Doc. No. 23.]

- **GRANTS** Defendant's Motion to Dismiss or Transfer [Doc. No. 13], and **DISMISSES** Plaintiff's Case **WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

---

6. Because the Court grants Defendant's Motion on jurisdictional grounds, it does not reach the issue of transferring venue per 28 U.S.C. § 1404(a). Notwithstanding the "first to file" doctrine (and exceptions thereto), the information presently before the Court suggests that this case, if properly pled, would nevertheless be a strong candidate for transfer to the Central District of California, where personal jurisdiction appears proper and related litigation is taking place. (*See Def.'s Mot. to Dismiss* 17–25; *Ex. A–J; Ex. K.*)

7. Although throughout this order the Court has specifically mentioned Section 512, the Court's reasoning and order applies to each prayer for declaratory relief listed in Plaintiff's Complaint. (*See Compl.* ¶¶ 87(a)-(f).)