## THE SEVEN BROTHERS.

(District Court, D. Rhode Island. April 9, 1909.)

1. SHIPPING (§ 86*)—LIABILITY OF VESSEL FOR TORTS—PUNITIVE DAMAGES.
    In a suit in rem to recover for an injury done by a vessel, punitive damages cannot be awarded, although the tort was willful and malicious, where the owner of the vessel had no knowledge of or part in the injury.
    [Ed. Note.—For other cases, see Shipping, Dec. Dig. § 86.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. SHIPPING (§ 86*)—ACTION AGAINST VESSEL FOR TORT—DAMAGES.

In a suit to recover for the destruction of a fish trap by a vessel, damages may be awarded for loss of fish resulting from the breaking of the net and interruption of the business, where there is sufficient evidence of surrounding catches to afford a reasonable basis for computation of the loss.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 86.*]

In Admiralty.

Clark Burdick and Francis I. McCanna, for libelant.

Daniel A. Colton, for claimant.

BROWN, District Judge. This is a libel in rem against the steamboat Seven Brothers, for injuries to a certain fish trap of the libelants which was located about one mile southeast of Narragansett Pier.

At the conclusion of the oral hearing the court was of the opinion that the libelants had sustained the allegations of the libel, to the effect that the steamboat Seven Brothers was deliberately and willfully run into the trap for the purpose of injuring it. There was no justification or excuse for this act. Its cause seems to have been a dispute between trap fishermen as to the location of their respective traps.

The injuries were willful and malicious, and for this reason the libelants seek punitive damages, as well as compensatory damages. As the libel is in rem, and thus in effect against the owner of the vessel, who is not proved to have had any share in or knowledge of the malicious act, punitive damages cannot be awarded. The Amiable Nancy, 3 Wheat. 546, 4 L. Ed. 456. In the opinion by Mr. Justice Gray in Lake Shore R. R. Co. v. Prentice, 147 U. S. 101, 13 Sup. Ct. 261, 37 L. Ed. 97, this doctrine is reaffirmed, and it is said with reference to the opinion in Hagan v. Providence & Worcester R. R. Co., 3 R. I. 88-91, 62 Am. Dec. 377:

"The law applicable to this case has been found nowhere better stated than by Mr. Justice Brayton, afterwards Chief Justice of Rhode Island, in the earliest reported case of the kind, in which a passenger sued a railroad corporation for his wrongful expulsion from the train by the conductor, and recovered a verdict, but excepted to an instruction to the jury that 'punitive or vindictive damages, or smart money, were not to be allowed as against the principal, unless the principal participated in the wrongful act of the agent, expressly or impliedly, by his conduct authorizing it or approving it, either before or after it was committed.' This instruction was held to be right," etc.

The evidence as to actual damage is far from satisfactory, and the libelant's estimate is grossly exaggerated. I find evidence to show actual injuries to the trap to the extent of $155. The libelant claims large damages for the loss of fish actually in the net, and for the loss of a probable catch during the period which elapsed before the net could be replaced. The evidence of other fishermen in the vicinity, as well as the fact that some four barrels of butter fish were taken from the net after the injury, affords a basis which is more than conjectural for a finding that plaintiffs were deprived of a catch of fish.

In form the evidence is sufficient to show average catches of a large number of barrels. The difficulty with this evidence is in its obvious exaggeration. The witnesses for the Seven Brothers put the average daily catch of similar traps in the vicinity as low as from two to four barrels. As fish were actually caught by others in a similar situation, I think the testimony arises to the dignity of proof that the libelants have lost a number of barrels of fish by the enforced suspension of their fishing. The fact that the plaintiffs are unable to prove with certainty the amount of their loss should not enable the wrongdoers to escape entirely. Upon the whole evidence I am of the opinion that the sum of $200 would no more than compensate the plaintiffs for the fish lost and for the interruption of their fishing. The libelants' claim for this item amounts to upwards of $1,500; but there is no credible testimony in the case to support so large a claim.

Judgment will be entered for the libelants for the sum of $355.