## CAIN v. SOUTHERN RY. CO.

(Circuit Court, E. D. Tennessee, N. D.    March 10, 1911.)†

No. 1,604.

**1.** COMMERCE (§ 58*)—EMPLOYERS' LIABILITY ACT—CONSTITUTIONALITY.

Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), being expressly limited by its terms to common carriers while engaged in interstate or foreign commerce and to injuries received by their employés while "employed by such carriers in such commerce," is within the constitutional powers of Congress and valid.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 77–86; Dec. Dig. § 58.*]

**2.** DEATH (§ 10*)—EMPLOYERS' LIABILITY ACT—ACTION FOR DEATH OF EMPLOYÉ—DAMAGES.

The right of action for injury to an employé given by the federal Employers' Liability Act April 22, 1908, c. 149, § 1, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), prior to its amendment by Act April 5, 1910, c. 143, § 2, 36 Stat. 291 (U. S. Comp. St. Supp. 1911, p. 1325), did not survive the death of such employé, and in an action for his death recovery is limited to the pecuniary injury or loss sustained by the beneficiaries, excluding all consideration of punitive elements, loss of society, wounded feelings of the survivors, and suffering of the deceased, although the value of a father's services in attention to and care and superintendence of his children and family, in the education of his children, of which they are deprived by his death, may be considered as an element of pecuniary damages.

[Ed. Note.—For other cases, see Death, Dec. Dig. § 10.*]

**3.** DEATH (§ 99*)—EMPLOYERS' LIABILITY ACT—ACTION FOR DEATH OF EMPLOYÉ—DAMAGES.

A verdict for damages returned in an action against a railroad company for the death of an employé, brought under Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), *held* excessive under the evidence.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 125–130; Dec. Dig. § 99.*]

At Law.   Action by Laura Cain, administratrix, against the Southern Railway Company.   On motion for new trial.   Overruled, on condition that plaintiff file remittitur.

Pickle, Turner & Kennerly, of Knoxville, Tenn., for plaintiff.

Jourolmon, Welcker & Smith, of Knoxville, Tenn., for defendant.

SANFORD, District Judge.   [1] 1. The first ground of the motion for new trial must be overruled.   I am of the opinion that the Employers' Liability Act of April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), upon which the first count of the declaration is based, is not subject to the broad construction placed upon it by the defendant, but on the contrary is limited by the express terms of section 1 to common carriers while engaged in interstate or foreign commerce, and to injuries received by their employés while "employed by such carriers in such commerce," and that being so limited it is not subject to the constitutional objections which rendered

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Memorandum opinion, published by request.

void the original Act of June 11, 1906 (34 Stat. 232, c. 3073 [U. S. Comp. St. Supp. 1911, p. 1316]), as held in The Employers' Liability Cases, 207 U. S. 463, 28 Sup. Ct. 141, 52 L. Ed. 297, but is, on the contrary, a constitutional and valid regulation of such commerce within the doctrine of those cases. The constitutionality of the Act of 1908 has been upheld by the Federal Courts in well-considered opinions in Watson v. Railway Co. (C. C.) 169 Fed. 942, and Walsh v. Railroad Co. (C. C.) 173 Fed. 494, and by the Supreme Court of Iowa in Bradbury v. Railway Co., 149 Iowa, 51, 128 N. W. 1. I cannot regard as sound the contrary view expressed by the Supreme Court of Connecticut in Hoxie v. Railway, 82 Conn. 352, 73 Atl. 754, 17 Ann. Cas. 324.

[2] 2. I have carefully considered the second ground of the motion in reference to the amount of the verdict.

It is clear that under the Act of 1908, which was in force at the time this accident occurred in 1909, in case of an injury resulting in the death of an employé, no provision was made for the survival of the right of action of the injured employé himself. Fulgham v. Railroad Co. (C. C.) 167 Fed. 660; Walsh v. Railroad Co., supra. And see, by analogy, Chesapeake & O. Ry. Co. v. Dixon, 179 U. S. 131, 135, 21 Sup. Ct. 67, 45 L. Ed. 121; North. Pac. Ry. Co. v. Adams (C. C. A., 9) 116 Fed. 324, 54 C. C. A. 196. Such survival of the injured employé's right of action was expressly provided for by section 2 of the later amendatory Act of April 5, 1910 (36 Stat. 291, c. 143 [U. S. Comp. St. Supp. 1911, p. 1325]). This, however, cannot enlarge the measure of recovery in the present case, which must be controlled entirely by the provisions of the Act of 1908.

I also think it clear that under the Act of 1908, before the amendment of 1910, in an action brought for the statutory beneficiaries to recover damages for the death of an employé, the recovery is limited to the pecuniary injury or loss sustained by the beneficiaries from the death of the deceased, and that the measure of damages is compensation for the loss of such pecuniary benefit as could have been reasonably expected to the beneficiaries, as of legal right or otherwise, from the continued life of the deceased, excluding all consideration of punitive elements, loss of society, wounded feelings of the survivors and suffering of the deceased. See, in part, Fulgham v. Railroad Co., supra; and by analogy, Baltimore & P. R. Co. v. Mackey, 157 U. S. 72, 92, 15 Sup. Ct. 491, 39 L. Ed. 624; In re Humboldt Lbr. Mfrs. Ass'n (D. C.) 60 Fed. 428; The Dauntless (D. C.) 121 Fed. 420; Hirchkovitz v. Railroad Co. (C. C.) 138 Fed. 438; Swift & Co. v. Johnson (C. C. A., 8) 138 Fed. 867, 71 C. C. A. 619, 1 L. R. A. (N. S.) 1161; Chicago, P. & S. L. R. Co. v. Wooldridge, 174 Ill. 330, 51 N. E. 701; 8 Am. & Eng. Enc. Law (2d Ed.) 914; 13 Cyc. 362.

Thus, in Baltimore & P. R. Co. v. Mackey, supra, it was held that under a statute of the District of Columbia providing that one causing the wrongful or negligent death of another should be liable to an action of damages for such death, to be assessed "with reference to the injury * * * resulting to the widow and next of kin of such deceased person," it was not error to charge the jury that in estimat-

ing the damages they might take into consideration the age of the deceased, his health, strength and capacity to earn money, as disclosed by the evidence, who his family were and of what they consisted, and from all the facts and circumstances make up their minds how much the family probably lost by his death, that is, how much they had a reasonable expectation of receiving if he had not been killed.

However, it would seem under the weight of authority, that the value of a father's services in attention to and care and superintendence of his children and family and in the education of his children, of which they are deprived by his death, is also to be considered as an element of pecuniary damages. 8 Am. & Eng. Enc. Law (2d Ed.) 915, 916, and cases cited.

It is, however, expressly provided by section 3 of the Act of 1908, that if the deceased employé was guilty of contributory negligence, the damages otherwise recoverable for the beneficiaries are to be diminished by the jury in proportion to the amount of negligence attributable to him.

[3] After careful consideration of the facts in this case in the light of the foregoing principles, without reciting the evidence in detail, I cannot avoid the conclusion that the jury in returning a verdict of $10,000 have assessed the damages at a sum which, in the light of all the proof fairly represents full compensation to the beneficiaries for the loss of such pecuniary benefit as they could have reasonably expected from the continued life of the deceased—as distinguished from the damages which might have been recovered if his own right of action had survived—and without adequate deduction for the contributory negligence of the deceased himself, which, under the undisputed facts, was of such character as would, at common law, have entirely barred recovery, under the rule stated in Elliott v. Railroad, 150 U. S. 245, 248, 14 Sup. Ct. 85, 37 L. Ed. 1068, and that under all the circumstances of this case, just compensation to the beneficiaries, under the limited measure of recovery permitted by the Act of 1908, should not exceed the sum of $7,500; the verdict, in so far as it exceeds this sum, being, in my opinion, against the plain weight of the evidence and excessive.

3. An order will accordingly be entered providing that if the plaintiff shall, within ten days from the filing of this opinion, remit $2,500 of the amount of the verdict, the defendant's motion for a new trial will be overruled and judgment entered for the remaining $7,500 assessed by the verdict, with interest from the date of the verdict; but if the plaintiff shall not make such remission within such time the verdict will be set aside and the motion for new trial granted on the ground that to such extent the verdict is excessive and against the clear weight of the evidence. North. Pac. R. Co. v. Herbert, 116 U. S. 642, 6 Sup. Ct. 590, 29 L. Ed. 755; Arkansas Cattle Co. v. Mann, 130 U. S. 69, 73, 9 Sup. Ct. 458, 32 L. Ed. 854; Koenigsberger v. Min. Co., 158 U. S. 41, 52, 15 Sup. Ct. 751, 39 L. Ed. 889; Buston v. R. R. Co. (C. C.) 116 Fed. 235.

The Clerk will at once notify counsel for both parties of the filing of this opinion.