**ROWAN COMPANIES, INC.**

v.

**Harvey L. BLANTON.**

**Civ. A. No. 90–2479.**

United States District Court,
E.D. Louisiana.

Feb. 5, 1991.

---

**10.** *See Langley,* 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987).

**11.** *Delta Savings & Loan,* 750 F.Supp. at 762.

ing that Mr. Blanton was malingering or otherwise fraudulently pursuing his injury claim against Rowan.[1] The fact is, Rowan well knew it faced an eventual Jones Act claim, which it believes to be fraudulent.

One month later, on August 10, 1990, Blanton sued Rowan in the Civil District Court for the Parish of Orleans seeking to recover damages for his alleged injuries under the Jones Act and general maritime law. Because of venue problems, Mr. Blanton voluntarily dismissed his state court suit on November 9, 1990, and then filed a complaint in the United States District Court for the Western District of Louisiana. The federal complaint realleged the same claims as those in the prior state court suit, including a claim for maintenance and cure. Thus, the Western District proceeding would resolve the maintenance and cure issues pending before this Court, as well as all other disputed issues between these parties.

Mr. Blanton has now moved to dismiss plaintiff's declaratory judgment action.

The Declaratory Judgment Act, 28 U.S.C. § 2201, instructs that a district court is not required to consider declaratory relief, and that it is a matter for the district court's sound discretion whether to entertain a declaratory judgment action at all. *Mission Insurance Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5 Cir.1983). It is the instrument of judicial discretion which becomes the monitor of the confusion that would be spawned by tactics-driven filings in different courts.

■ There is no question that the issue of Mr. Blanton's claim for maintenance and cure presents a justiciable controversy under the Act. *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5 Cir.1989).

The question, therefore, is whether or not this Court should entertain Rowan's declaratory judgment action. As the Fifth Circuit has advised, a district court's decision should weigh a number of factors:

William Patrick Klotz, Jr., Abbott, Best & Meeks, Peter Stephan Koeppel, Best, Koeppel & Klotz, New Orleans, La., for plaintiff.

Richard Lee Root, Strauss & Associates, New Orleans, La., Marshall Joel Hough, Jr., Hough & Associates, Metairie, La., for defendant.

## ORDER AND REASONS

FELDMAN, District Judge.

This motion focuses on the growing phenomenon of strategic forum preclusion by the Bar.

On July 10, 1990, plaintiff Rowan Companies filed suit seeking adjudication and declaration of its obligation to pay maintenance and cure benefits to defendant Mr. Harvey L. Blanton. Mr. Blanton was employed by Rowan as a member of the crew of the jack-up drilling rig ROWAN ODESSA # 19 when, on April 5, 1990, he says he was injured while performing his duties.

Rowan represents that it sought declaratory relief because of information suggest-

1. This information includes a release to return to work by the treating physician, Dr. Clyde X. Copeland, Jr.

"For example ... because of a pending state court proceeding in which the matters in controversy between the parties may be fully litigated, (citations omitted), because the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping, (citations omitted), because of possible inequities in permitting the plaintiff to gain precedence in time and forum, or because of inconvenience to the parties or the witnesses." *Id.*

■ The fact that a defendant in a declaratory action has subsequently filed a claim for maintenance and cure against the plaintiff is another "important" factor for the district court to consider. *Id.* at 29 n. 3. The Fifth Circuit also importantly adds that it may be significant that a maintenance and cure claim joined with a Jones Act claim must be submitted to a jury when both arise out of one set of facts. *Id.*, citing *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963). These considerations greatly influence this ruling.

In this case, Blanton filed suit in state court one month after the declaratory judgment suit was filed, making claims under the Jones Act and general maritime law for damages and for maintenance and cure. Although the state court suit is no longer pending due to venue difficulties, Blanton has made the same claims in federal district court in the Western District of Louisiana.[2] All the issues involved in the declaratory judgment suit, and much more, will be resolved in that proceeding.

Mr. Blanton importantly contends that use of a declaratory judgment action to resolve Rowan's obligations to pay maintenance and cure benefits would deprive him of his right to trial by jury in his contemporaneously filed federal action concerning the very same maintenance and cure issues. This argument triggers helpful Supreme Court doctrine.

In *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 83 S.Ct. 1646, 1650, 10

L.Ed.2d 720 (1963), the Court held that "a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts." The Court reasoned that to separate the claims is so cumbersome, confusing and time consuming, that it places completely unnecessary obstacles in the path of litigants seeking justice. *Id.*

The obvious concern in this case is that a resolution of the maintenance and cure issue before this Court, through the vehicle of a declaratory judgment action, effectively separates the maintenance and cure claim from the other claims, so that the same facts must necessarily be tried before two separate tribunals. If this Court were to routinely resolve the viability of an employee's maintenance and cure claim through the employer's declaratory judgment action when the employee has filed a subsequent and more complete action involving also maintenance and cure in another court, the principles espoused in *Fitzgerald* would be offended. The purpose of 28 U.S.C. § 2201 is not served by trying a case piecemeal. *ODECO, Inc. v. Fortenberry*, No. 89–3085, 1989 WL 152707 (E.D.La. December 13, 1989), citing *Canadian Universal Ins. Co. v. Thibaut Oil Co.*, 622 F.Supp. 1055, 1058 (E.D.La.1985).

In addition, employees would have to engage in a race to the courthouse in order to have their claims heard by a jury or to preserve their forum. Courts should not become unwitting or hapless partners in that unseemly tribal rite.

Rowan points out that in other courts declaratory judgment suits regarding maintenance and cure have not been dismissed despite pending state actions, but the cases cited are distinguishable.

In the leading Fifth Circuit decision, *Rowan v. Griffin, supra,* Rowan sought a judicial declaration of its obligation to pay further maintenance and cure in light of a medical report indicating maximum recovery (exactly as they have done in this case). But in *Griffin,* the defendant had not filed

---

**2.** The suit in the United District Court for the Western District was filed by Mr. Blanton on November 9, 1990, Civil Action No. 90–2459.

There is no trial date set as of yet, but that suit should resolve all issues between the parties, not just the maintenance and cure dispute.

any other action prior to dismissal, as Mr. Blanton has done here. As has been observed, the *Griffin* court specifically stated that a simultaneously filed action would be an important consideration and warned courts against jeopardizing the declaratory defendant's right to a jury trial.[3]

In *Torch, Inc. v. Theriot*, 727 F.Supp. 1048 (E.D.La.1990), the district court chose to retain a declaratory judgment action seeking determination that an employer was not liable to pay for costs of proposed orthopedic surgery on an employee as an element of maintenance and cure. The declaratory defendant argued, among other things, that the declaratory judgment would deny him his right to a jury trial. Counsel admitted that no other action, either state or federal, had yet been filed, and the court felt that the *Fitzgerald* concerns were not implicated when the declaratory judgment concerned only one item of maintenance and cure (the propriety of the employee's undergoing surgery) and no other court action was pending.[4] Here, none dispute the bona fides of the Western District suit (although the merits are hotly contested).

This Court has no reason to question that Rowan proceeded in good faith to bring its controversy before this Court; Mr. Blanton was also in apparent good faith when he filed a state suit shortly thereafter. This Court also acknowledges that one of the purposes of the Act is to afford one threatened with liability an early adjudication without waiting to see what his adversary does. *Griffin*, 876 F.2d at 28. But Blanton's suit will join and resolve all issues between the parties. That message is central.

The consideration of other factors also makes it necessary for this Court to dismiss the declaratory judgment suit. The suit filed by Blanton in the Western District will not only completely resolve all maintenance and cure issues currently before this Court, but failure to dismiss the declaratory suit will deprive Blanton of his opportunity to have a jury decide his Jones Act claim with his maintenance and cure claim.

Defendant Blanton's Motion to Dismiss Declaratory Judgment is GRANTED.

---

**3.** That Blanton's suit was filed a month later is not a distinction which ought to change this result.

**4.** For cases where declaratory judgment actions in similar situations have been dismissed, *see ODECO, Inc. v. Fortenberry*, No. 89–3085 (E.D.La. December 13, 1989) (action seeking a declaratory judgment finding that employer is not liable for maintenance and cure benefits is dismissed when defendant previously filed suit in state court asserting a claim for maintenance and cure benefits and Jones Act damages); *Monteiro Towing Co., Inc. v. Guidry*, No. 89–4418, 1989 WL 159336 (E.D.La. December 21, 1989) (complaint seeking declaratory judgement that employer was not obligated to pay maintenance and cure benefits was dismissed when defendant filed suit for damages against plaintiff alleging negligence, unseaworthiness and failure to pay maintenance and cure one day later).