**CEH, INC., Brian Handrigan, and Timothy Handrigan, Plaintiffs,**

v.

**FV "SEAFARER" (ON 675048), In Rem, Michael A. Doyle, Charles Niles, Roger Scott Smith and John Doe 1–4, In Personam, Defendants.**

Civ. A. No. 92–0389L.

United States District Court, D. Rhode Island.

May 13, 1993.

James H. Reilly, Donald J. Maroney, Kelly, Kelleher, Reilly & Simpson, Providence, RI, for plaintiffs.

Leonard W. Langer, Thompson, McNaboe, Ashley & Bull, Portland, ME, Barbara S. Cohen, Goldenberg & Mrui, Providence, RI, for defendants.

## MEMORANDUM AND ORDER

LOVEGREEN, United States Magistrate Judge.

Before the Court are plaintiffs' motions to compel the individual defendants Michael A. Doyle ("Doyle"), Roger Scott Smith ("Smith") and Charles Niles ("Niles") to answer numerous interrogatories dealing with their financial status. Plaintiffs have included as Count II in their amended complaint a claim for punitive damages based upon the "intentional, willful, malicious and grossly reckless action" of these individual defendants.

### Background

During the period May 23 through June 14, 1992, plaintiffs allege they owned certain equipment consisting of lobster pots, trawls and associated fishing gear which was located in the Atlantic Ocean and properly marked. Defendant Doyle was the owner of defendant FV "Seafarer" which was captained by Niles and/or Smith. During the relevant time period, defendants are alleged to have conducted dragging operations in the same location as plaintiffs' equipment thereby damaging and destroying the same. Plaintiffs seek compensatory damages for the value of the damaged and destroyed equipment and for loss of income resulting therefrom. In addition, plaintiffs seek punitive damages from the named individual defendants.

Plaintiffs bring this action based on "admiralty and maritime jurisdiction and pursuant to 28 U.S.C. § 1333." See plaintiffs' amended complaint, Count I, par. 1. There is no statutory or unseaworthiness claim.

Defendants argue they are not required to answer these interrogatories seeking discovery of their assets, net worth and general financial status. Their argument presents a two prong challenge. First, defendants argue their financial status cannot be discovered without a *prima facie* showing by plaintiffs of facts sufficient to support a punitive damages claim and the mere assertion of such a claim is insufficient. Second, defendants contend plaintiffs cannot recover punitive damages under the general maritime law, relying on *Miles v. Apex Marine, Inc.*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990).

### Discoverability of Evidence of Financial Status

Plaintiffs have filed an amended complaint, Count II of which includes a claim for puni-

tive damages. Pursuant to F.R.Civ.P. 33, plaintiffs served interrogatories to each of the individual defendants including interrogatories seeking information on each defendant's detailed financial status, specifically information on asset ownership, bank accounts, liabilities and all financial records. Defendants have filed objections to these interrogatories on the grounds that the information sought is "neither relevant nor reasonably calculated to lead to the discovery of admissible evidence."

■ Discovery is a procedural matter governed in the federal court by the Federal Rules of Civil Procedure and not by state discovery practices unless the Federal Rules so indicate. 8 Wright and Miller, *Federal Practice and Procedure* § 2005 (1970). F.R.Civ.P. 26(b)(1) provides for discovery of any matter which is not privileged and which is relevant to the pending matter. Here there is a claim for punitive damages which is not spurious and, therefore, information as to the financial status of these defendants is relevant in determining punitive damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270, 101 S.Ct. 2748, 2761, 69 L.Ed.2d 616 (1981). Indeed, very recently, this Court stated, although not in admiralty jurisdiction, "In determining the amount of punitive damages to award, the tort feasor's financial status is also relevant. Naturally, the effect that a monetary judgment has on a wrongdoer varies with the wrongdoer's financial means. It is the law generally throughout this country that the wealth of the wrongdoer must be assessed in determining punitive damages." *North Atlantic Fishing, Inc., et al v. Louis Geremia, Trustee, et al,* memorandum and order, Chief Judge Lagueux, May 4, 1993, 153 B.R. 607, 614 (citations omitted).

■ Nevertheless, defendants argue that plaintiffs must show a *prima facie* case before discovery of financial status is permitted. While some federal courts have taken this position, the majority of federal courts do permit discovery of financial status where a punitive damages claim has been properly asserted. *Mid Continent Cabinetry v. George Koch Sons, Inc.,* 130 F.R.D. 149, 151

(D.Kan.1990) and cases cited therein. There has been no decision cited to me by either party or discovered by me in research that would require a departure from the majority rule. Plaintiffs are entitled to pretrial discovery of each defendant's financial status. Whether or not plaintiffs may use the financial information at trial does not affect its discoverability. Discovery is based on relevance, not admissibility. *Baker v. CNA Ins. Co.,* 123 F.R.D. 322 (D.Mont.1988). To deprive plaintiffs of discovery on this issue would place them in a very difficult position. If at trial it is determined that plaintiffs have a valid punitive damages claim, they then would have no financial information from defendants to place before the fact finder. The better practice would be to permit pretrial discovery and to reserve the use of such information to time of trial.

If defendants are concerned about disclosure and confidentiality of financial information, they may move for a protective order pursuant to F.R.Civ.P. 26(c). Such a protective order could be fashioned to provide defendants protection from public disclosure or other use of the financial information until such time as its admissibility is determined. This procedure would provide plaintiffs the information necessary to support their punitive damages claim but also afford defendants some protection from public scrutiny of personal financial information.

### General Maritime Law and Punitive Damages

■ Defendants argue further that where punitive damages are not recoverable as a matter of law, discovery of financial information is impermissible citing *Johnson v. W.H. Stewart Co.,* 75 F.R.D. 541, 543 (W.D.Okl. 1976). Specifically, defendants argue that punitive damages are not recoverable under general maritime law citing *Miles v. Apex Marine, Inc.,* 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990). In *Miles,* the Supreme Court considered whether a non-dependent parent could recover loss of society damages pursuant to a wrongful death claim under general maritime law and whether general maritime law allows a survival action for lost future wages. *Id.* at 20, 21, 111 S.Ct. at 319,

320. The Court did not allow recovery for loss of society or lost future earnings in a seaman's wrongful death and survival action whether brought under the Jones Act, 46 U.S.C.App. § 688, Death on the High Seas Act ("DOHSA"), 46 U.S.C.App. § 761 et seq. or general maritime law since the statutory claims permit only pecuniary damages which do not include damages for loss of society or lost future wages. To be uniform, the Court also stated there can be no such recovery in an unseaworthiness claim brought pursuant to general maritime law.

 While general maritime law would have permitted such recovery, DOHSA and the Jones Act will not and uniformity would be compromised if general maritime law was allowed to be more expansive and permit additional remedies than those afforded by relevant federal statutes. *LaVoie v. Kualoa Ranch and Activity Club, Inc.*, 797 F.Supp. 827, 829 (D.Hawaii 1992). Since the *Miles* decision, many district courts have interpreted *Miles* to also bar punitive damages claims in those actions based on unseaworthiness under general maritime law as such damages are non-pecuniary in nature. *See, In re Waterman Steamship Corp.*, 780 F.Supp. 1093 (E.D.La.1992); *Matter of Cleveland Tankers, Inc.*, 791 F.Supp. 679 (E.D.Mich. 1992); *Complaint of Aleutian Enterprise, Ltd.* 777 F.Supp. 793 (W.D.Wash.1991); *Haltom v. Lykes Bros. S.S. Co., Inc.*, 771 F.Supp. 179 (E.D.Tex.1991); *Rollins v. Peterson Builders, Inc.*, 761 F.Supp. 943 (D.R.I.1991); *In the Matter of Mardoc Asbestos Case Clusters*, 768 F.Supp. 595 (E.D.Mich.1991). Because punitive damages act as a punishment to wrongdoers and as a deterrent to potential wrongdoers and not to compensate plaintiff's losses, they are non-pecuniary in nature and not recoverable under the Jones Act or DOHSA which provide only for recovery of pecuniary damages. *Anderson v. Texaco, Inc.*, 797 F.Supp. 531 (E.D.La.1992); *In the Matter of Mardoc Asbestos Case Clusters, supra.* Since punitive damages are not recoverable under the Jones Act or DOHSA, they are not recoverable under the general maritime law of negligence and unseaworthiness. *Anderson v. Texaco, Inc., supra.* The *Anderson* court stated:

"*Miles* compels the conclusion that a plaintiff who is statutorily barred from receiving a punitive award cannot recover punitive damages by couching his claim in the judge-made general maritime law of negligence and unseaworthiness." *Id.* at p. 535.

In the instant case, plaintiffs have invoked the general maritime jurisdiction of this court. No claim is presented under the Jones Act or DOHSA. There is no statutory claim for wrongful death or for personal injury. Plaintiffs' claims are for damage to or destruction of fishing equipment, loss of income resulting therefrom and for punitive damages based on the alleged willful, reckless and malicious conduct of the individual defendants. The issue is whether under general maritime law punitive damages are recoverable in a claim for damage to or loss of property.

Punitive damages have been recognized under appropriate circumstances in general maritime law at least since 1818. *See, The Amiable Nancy*, 16 U.S. (3 Wheat.) 546, 4 L.Ed. 456 (1818). Before *Miles*, some courts permitted punitive damages under general maritime law upon showing of misconduct, *Complaint of Merry Shipping, Inc.*, 650 F.2d 622 (5th Cir.1981), or expressly left open this question. *Kopczynski v. The Jacqueline*, 742 F.2d 555 (9th Cir.1984); *Furka v. Great Lakes Dredge & Dock Co.*, 755 F.2d 1085 (4th Cir.1985). One commentator prior to *Miles* stated quite accurately "There is disagreement and confusion as to recovery of punitive damages in actions under the general maritime law." Waddell, *Punitive Damages in Admiralty*, Journal of Maritime Law and Commerce, Vol. 19, No. 1, January, 1988, p. 73.

Punitive damages in an action for maintenance and cure under general maritime law have been upheld by the Court of Appeals for the First Circuit in *Robinson v. Pocahontas, Inc.*, 477 F.2d 1048 (1st Cir.1973), relying on *Vaughan v. Atkinson*, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962) where the Supreme Court upheld an award of attorneys' fees as damages for the shipowner's willful conduct in withholding payments for maintenance and cure. Another Circuit has

followed this line of authority. *Harper v. Zapata Offshore Co.*, 741 F.2d 87 (5th Cir. 1984). The Second Circuit has limited punitive damages in claims for wrongful failure to pay maintenance and cure to an award of attorneys' fees. *Kraljic v. Berman Enterprises, Inc.*, 575 F.2d 412 (2d Cir.1978).

Most post *Miles* decisions prohibiting recovery of punitive damages are based on claims under the Jones Act or DOHSA and the general maritime law of unseaworthiness. One Court has denied recovery of punitive damages in claims based on unseaworthiness and general maritime negligence, but permitted a punitive damages claim for failure to pay maintenance and cure, *Anderson v. Texaco, Inc., supra,* while other courts have denied recovery of punitive damages in both types of claims. *LaVoie v. Kualoa Ranch and Activity Club, Inc., supra; In the Matter of Mardoc Asbestos Case Clusters, supra.* To some extent, the confusion over recovery of punitive damages under general maritime law continues.

Here there is no personal injury claim or claim of unseaworthiness. Until *Miles,* "the general maritime law contemplated punitive damages for gross and wanton conduct in an action under the general maritime law *not based on unseaworthiness.*" *Duplantis v. Texaco, Inc.,* 771 F.Supp. 787, 788 (E.D.La. 1991) (emphasis in original). In *Duplantis,* a claim for punitive damages was filed under the general maritime law for injuries not based on unseaworthiness but on defendant's alleged willful and wanton conduct and, therefore, the district court found *Miles* "inapposite" and allowed the claim. *Id.* at 789. The same situation exists here. The claim by plaintiffs is pursuant to general maritime law and not pursuant to any statute or unseaworthiness claim. Consequently I find *Miles* not controlling here as it deals with recovery of damages under the Jones Act and DOHSA and the need to compel uniformity in general maritime law with these statutory remedies. I do not read *Miles* to mean that there can be no recovery of punitive damages in any claim under general maritime law. Since general maritime law has recognized claims for punitive damage for well over a century and there has been no total bar to these claims under general maritime law, then claims for punitive damages remain viable under general maritime law except as specifically held otherwise by *Miles.* Recovery of punitive damages in the type of claim presented by these plaintiffs has not been prohibited.

In a similar fact situation, the district court of Rhode Island considered a claim for punitive damages in admiralty. *The Seven Brothers,* 170 Fed. 126 (D.R.I.1909). In that case, plaintiffs sought damages for injuries to a certain fish trap which was deliberately and willfully rammed by the steamboat, The Seven Brothers, as part of a dispute between trap fishermen. As this was a libel in rem action and there was no evidence of owner participation in the activity, punitive damages were denied. The court at least implied that punitive damages would have been appropriate and awarded against the actual wrongdoers.

Since punitive damages have been contemplated in general maritime law since 1818 and I have not been cited to nor have I found in my research any decision specifically prohibiting a claim for punitive damages under the circumstances presented by this case, I hold that plaintiffs have a claim under general maritime law for punitive damages based upon allegations of willful, reckless and malicious misconduct of the individual defendants. Of course, plaintiffs still must prove their claim for punitive damages at trial, but that is left to another day.

■ Lastly, defendants argue that *if* plaintiffs have a valid claim for punitive damages, the interrogatories seeking defendants' financial status are "grossly overbroad" and plaintiffs should be limited to discovery of each individual defendant's net worth. I have reviewed the eighteen (18) interrogatories directed to each of the individual defendants and find they are overbroad and excessive. Defendants are directed to respond to plaintiffs' interrogatories within 30 days of the date of this order by stating their respective net worths indicating the composition thereof (i.e., real estate, personal property, cash, securities, etc.).

474

Plaintiffs' motions to compel are granted but only to the extent noted above.

SO ORDERED.