**CAROLINA CLIPPER, INC., Plaintiff,**

v.

**Donald AXE, Defendant.**

**Donald AXE, Plaintiff,**

v.

**William S. WELLS, Jr., William S. Wells, III and Carolina Clipper, Inc., Defendants.**

**Civ. A. Nos. 4:95cv98, 4:95cv108.**

United States District Court,
E.D. Virginia,
Newport News Division.

Oct. 27, 1995.

Robert Martin Tata, Denham Arthur Kelsey, Hunton & Williams, Norfolk, VA, for defendants in No. Civ.A. 4:95cv108.

## MEMORANDUM OPINION AND ORDER

MORGAN, District Judge.

These matters come before the Court together, though as two separate cases. Case no. 4:95cv98 will be addressed in Part I of this order, and case no. 4:95cv108 will be addressed in Part II of this order.

The first matter arises from a Motion to Dismiss of Defendant Donald Axe ("seaman") or in the Alternative to Stay the Plaintiff's ("shipowner's") Motion for Declaratory Judgment in case no. 4:95cv98. The seaman urges this Court to Dismiss the shipowner's complaint, as it would be duplicitous to try both that complaint and the seaman's own personal injury civil action filed against the shipowner on August 8, 1995. The shipowner has filed a Brief in Opposition to Motion to Dismiss, and the seaman has filed a Reply Brief.

The shipowner has also filed a Motion for Partial Judgment on the Pleadings Regarding Punitive Damages in the seaman's case against it, no. 4:95cv108. The seaman has filed a Brief in Opposition, and the shipowner has filed a Reply Brief. This Court conducted a hearing on these matters on October 23, 1995.

### Part I

#### Defendant Axe's Motion to Dismiss 4:95cv98

#### I. FACTUAL AND PROCEDURAL HISTORY

The Plaintiff shipowner, Carolina Clipper, files this action under 28 U.S.C. § 2201 and asks the Court to declare its rights and obligations concerning the actual controversy between it and the Defendant, a seaman in its employ, regarding the seaman's claim for maintenance and cure. The seaman claims that on or about April 19, 1994, he was injured while working aboard the F/V CAROLINA CLIPPER during a fishing voyage. The seaman later refiled a separate claim against the vessel for negligence and unseaworthiness as well as maintenance and cure.

Robert Martin Tata, Denham Arthur Kelsey, Hunton & Williams, Norfolk, VA, for plaintiff in No. Civ.A. 4:95cv98.

Ralph Rabinowitz, Rabinowitz, Rafal, Swartz, Taliaferro & Gilbert, Norfolk, VA, for defendant in No. Civ.A. 4:95cv98.

Ralph Rabinowitz, Rabinowitz, Rafal, Swartz, Taliaferro & Gilbert, Norfolk, VA, for plaintiff in No. Civ.A. 4:95cv108.

The shipowner alleges that upon the seaman's complaints of injury, it sent him to a series of doctors, all of whom cleared him to resume work without restrictions. The shipowner further alleges that the seaman later sought contrary medical opinions through an attorney, and consequently secured a not-fit-for-duty chit from another physician.

The shipowner has paid maintenance and cure costs to the seaman but now alleges that he has reached "maximum cure" and desires to halt these payments. The seaman's own action against the shipowner under the Jones Act (46 U.S.C.App. § 688 *et seq.*), which includes the issue of continuing and increasing the maintenance and cure costs, remains pending. Thus, the issues before the Court comprise the following: whether it is appropriate for the Court to hear a complaint for declaratory judgment prior to a jury trial in the Jones Act proceeding; and if not, whether to dismiss this action or consolidate it with the Jones Act case.

## II.  STANDARD OF REVIEW

■ When considering a motion to dismiss, the court considers the plaintiff's allegations as true, and views the record as a whole in the light most favorable to it. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir.1991), *cert. denied*, 503 U.S. 936, 112 S.Ct. 1475, 117 L.Ed.2d 619 (1992). Complaints for declaratory judgment are considered under the Declaratory Judgment Act, which allows a court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). This Court has previously found that "an injured seaman's claim against the shipowner for maintenance and cure is a case or controversy within the jurisdiction of this Court." *LADY DEBORAH, Inc. v. Ware*, 855 F.Supp. 871, 872

(E.D.Va.1994). This Court is then left to consider whether declaratory relief is appropriate in this case and ultimately, whether it should exercise its discretion and decline to entertain such a complaint for declaratory judgment. *See id.* (citing to *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371 (4th Cir.1994)). The Court's discretion should be applied in such a way as to "monitor the confusion that would be spawned by tactics-driven filings in different courts." *Rowan Companies, Inc. v. Blanton*, 764 F.Supp. 1090, 1092 (E.D.La.1991).

## III.  ANALYSIS

■ The Defendant seaman argues that hearing the Plaintiff's complaint in advance of and without the jury right existing in his own action would encourage a race to the courthouse by all shipowners in similar actions.[1] While the Court recognizes there may be some merit to this contention, it notes that the inverse may also apply.

■ The shipowner asserts that its own action centers on the maintenance and cure issues which the Court may decide without a jury and in advance of the Jones Act trial. Where two causes of action are based on the same sets of facts, and it can be expected that the same medical witnesses will be called to testify in both actions, judicial economy mitigates against separate trials. *See Rowan Companies*, 764 F.Supp. at 1092 (noting that if such a declaratory judgment action were granted, it would "effectively separate[ ] the maintenance and cure claim from the other claims, so that the same facts must necessarily be tried before two separate tribunals.... The purpose of 28 U.S.C. § 2201 is not served by trying a case piecemeal.") (citations omitted).

1. The Defendant's hypothetical is bolstered by dicta in the *LADY DEBORAH* case from this Court which acknowledged the potential motivation of ship owner-employers who may have an incentive to "race to the courthouse." *LADY DEBORAH*, 855 F.Supp. at 873. However, this Court also posited that the dangerous incentives could lie with the other party as well:

On the other side of the equation, the seaman typically has the ability to choose the forum for his complaint if the maintenance and cure action is combined with other related causes of action. While it would appear that the seaman has a relatively equal incentive to file his suit, he may be more interested in threatening the employer with suit and building his medical case by visiting doctors recommended by his lawyer than he is in actually having an adjudication of the merits. *Id.* at 873–74.

The Supreme Court has articulated its judicial policy regarding procedures for hearing claims under the Jones Act and maintenance and cure. *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 19, 83 S.Ct. 1646, 1650, 10 L.Ed.2d 720 (1963). In this case, the shipowners did not actually file a Motion for Declaratory Judgment, but the District Court had nonetheless split the case. Thus, the judge allowed the negligence and unseaworthiness claims to proceed to the jury, while he preserved the maintenance and cure issues for himself to entertain from the bench following the jury trial. The Supreme Court was clearly influenced by this "particular mode of trial being used by many judges" which it described as "so cumbersome, confusing, and time consuming that it places completely unnecessary obstacles in the paths of litigants seeking justice in our courts ..." when it held that all issues should be tried together. *Id.* However, it is important to note that the Court still particularly faulted a series of events parallelling those which would occur if the Plaintiff's Complaint were granted in this case: "[r]equiring a seaman to split up his lawsuit, [and] submitting part of it to a jury and part to a judge." *Id.* at 19, 83 S.Ct. at 1649. *See also Rowan Companies*, 764 F.Supp. at 1092 (noting that if the motion to dismiss a declaratory judgment complaint were granted in these cases, "[a]ll the issues involved in the declaratory judgment suit, and much more, will be resolved in [the later Jones Act] proceeding.").

While the procedural history of the *Fitzgerald* case is not entirely parallel to the case at hand, its enumerated policies are indeed instructive. The Court explicitly held that:

only one trier of fact should be used for the trial of what is essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments.... a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts. The seaman in this case was therefore entitled to a jury trial as a right on his maintenance and cure claim. *Fitzgerald*, 374 U.S. at 21, 83 S.Ct. at 1650.

This Court notes the weight and authority which attend this policy statement, the concerns acknowledged regarding a potential race to the courthouse, and the basic ideals of judicial economy. Accordingly, the Court **FINDS** the circumstances insufficient to grant a prior hearing on the maintenance and cure issues raised by the Plaintiff. The Court **ORDERS** that those issues be consolidated with those raised by the Defendant in his action and be tried together.

### Part II

*Defendant Carolina Clipper's Motion for Partial Judgment on the Pleadings Regarding Punitive Damages in 4:95cv108*

#### I. FACTUAL AND PROCEDURAL HISTORY

■ The Plaintiff seaman filed this case pursuant to Title 46 U.S.C.App. § 688 (the Jones Act) and other general aspects of United States Admiralty Law. His claims include in his Third Cause of Action that the "recalcitrance" of the Defendants forced him to hire an attorney and pay that attorney to pursue his cause. Thus, he demands in addition to other damages, his attorney fees and actual and punitive damages "for defendants' intentional, unreasonable refusal to pay maintenance and cure." Plaintiff's Complaint at 4, filed August 9, 1995.

■ Defendant shipowners urge the Court to examine the case law in other Circuits and districts with regard to the availability of punitive damages in maintenance and cure cases.[2] The seaman focuses almost exclu-

2. Most of these circuits base their more recent opinions denying the availability of punitive damages for failure to pay maintenance and cure on a 1990 Supreme Court case which held that nonpecuniary damages are unavailable in a wrongful death action. *Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990). Many circuits have taken the *Miles* decision to apply more broadly than to wrongful death actions alone, and have extended the *Miles* rationale to claims falling under general maritime law and to punitive damages in particular. *See e.g., Horsley v. Mobil Oil Corp.*, 15 F.3d 200 (1st Cir.1994) (finding no right to recover nonpecuniary damages in unseaworthiness action); *Miller v. American President Lines, Ltd.*, 989 F.2d

sively on *Manuel v. United States,* 50 F.3d 1253 (4th Cir.1995), a Fourth Circuit case with dicta indicating that punitives are available in these cases.[3] The shipowners point out that the two cases the *Manuel* Court relied upon are in doubt themselves.[4] Additionally, the Court notes that it ruled one month ago that punitive damages were not recoverable for failure to pay maintenance and cure monies. *See Flagship Maritime Adjusters, Inc. v. Cruz Hernandez,* Civil Action No. 2:95cv105 (1995) (MacKenzie, J.). This Court shall adhere to its earlier opinion and remain consistent in its position that punitive damages are not available in maintenance and cure claims.

Accordingly, the Court **GRANTS** the Defendant's Motion for Partial Judgment on the Pleadings and **HOLDS** that punitive damages are not recoverable and the demand for punitive damages found in the seaman's Third Cause of Action is hereby **DISMISSED.**

The Clerk is **REQUESTED** to mail a copy of this Order to all counsel of record.

It is so **ORDERED.**

---

1450 (6th Cir.) (punitive damages not available under general maritime law), cert. denied, — U.S. ——, 114 S.Ct. 304, 126 L.Ed.2d 252 (1993); *Glynn v. Roy Al Boat Management Corp.,* 57 F.3d 1495, 1505 (9th Cir.1994); *Guevara v. Maritime Overseas Corp.,* 59 F.3d 1496 (5th Cir.1995).

3. In cases such as *Manuel* where a court does not squarely address the issue at hand, dictum should not be relied upon as dispositive on the issue as it was not the question before the court. *See e.g. Glynn,* 57 F.3d at 1502–03 (explaining that statements in its earlier case, *Evich v. Morris,* 819 F.2d 256, 258 (9th Cir.), cert. denied, 484 U.S. 914, 108 S.Ct. 261, 98 L.Ed.2d 218 (1987), which indicated that punitive damages would be available under general maritime law for failure to pay maintenance and cure or for unseaworthiness, were pure dictum and thus the issue would be addressed for the first time without being bound by those statements as precedent).

4. The *Manuel* Court cites both to *Holmes v. J. Ray McDermott & Co.,* 734 F.2d 1110 (5th Cir. 1984) and to *Robinson v. Pocahontas, Inc.,* 477 F.2d 1048 (1st Cir.1973), for its dicta that "[c]ourts have long awarded punitive damages to seamen where maintenance and cure benefits have been arbitrarily denied." *Manuel v. United States,* 50 F.3d 1253, 1260 (4th Cir.1995). However, *Holmes* has been overruled by the Fifth Circuit sitting en banc in *Guevara v. Maritime Overseas Corp.,* 59 F.3d 1496 (5th Cir.1995), and *Robinson* has been counted among the few cases recognizing the availability of punitive damages with respect to individual maintenance and cure and unseaworthiness claims where no Jones Act or Death on the High Seas Act (DOSHA) claims are joined. *See e.g. Jackson v. Unisea, Inc.,* 824 F.Supp. 895, 896 (D.Alaska 1992); *Rollins v. Peterson Builders, Inc.,* 761 F.Supp. 943, 948 n. 4 (D.R.I.1991).