Karl BOYD, Plaintiff,

v.

CINMAR OF GLOUCESTER, INCORPORATED, Defendant.

Civil Action No. 2:95cv132.

United States District Court, E.D. Virginia, Norfolk Division.

March 7, 1996.

---

*MEMORANDUM OPINION AND ORDER*

JACKSON, District Judge.

### INTRODUCTION

Defendant Cinmar of Gloucester has moved for partial summary judgment. This motion presents the issue of whether punitive damages are permissible in maintenance and cure actions. The Court **GRANTS** the motion with the exception of allowing recovery of attorney's fees.

### I. FACTS

Plaintiff Karl Boyd, a seaman in the service of Defendant's vessel, F/V Cinmar II, has filed a complaint pursuant to the Jones Act, 46 U.S.C.A.App. § 688 (West 1975) and under general maritime law. He claims that he was seriously and permanently injured as a result of the condition of Defendant's unseaworthy vessel and by Defendant's negligence and wrongdoing. (Complaint at ¶¶ 5–6.) Plaintiff seeks a total of $950,000 in monetary damages. This amount includes punitive damages. (Complaint at ¶ 10.) Defendant has filed a motion for partial summary judgment, arguing that Plaintiff is not entitled to punitive damages.

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(d) governs summary judgment concerning "material ... facts that appear without substantial controversy." The Court analyzes motions for partial summary judgment by the same standards that govern motions for

full summary judgment under Civil Rule of Procedure 56(c). *Pettengill v. United States,* 867 F.Supp. 380, 381 (E.D.Va.1994) *(citing Gill v. Rollins Protective Svcs. Co.,* 773 F.2d 592, 595 (4th Cir.1985)). Summary judgment is appropriate only when the court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Once a party has properly filed evidence supporting a motion for summary judgment, the non-moving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. FED.R.CIV.P. 56(c). "The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970)). Furthermore, "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

### III. DISCUSSION

■ The Supreme Court's ruling in *Miles v. Apex Marine Corp.,* 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990) has affected courts' analyses of whether to award punitive damages in maintenance and cure cases. *See, e.g., Guevara v. Maritime Overseas Corp.,* 59 F.3d 1496, 1513 (5th Cir.1995) (overruling prior Fifth Circuit precedent in light of *Miles* ), *cert. denied,* — U.S. —, 116 S.Ct. 706, 133 L.Ed.2d 662 (1996). *Miles* considered the damages available in a wrongful death claim pursuant to the Jones Act

and general maritime law.[1] The *Miles* Court drew on the provisions of the Federal Employers' Liability Act ("FELA"), 45 U.S.C.A. §§ 51–59 (West 1986) which was incorporated into DOHSA and the Jones Act. 46 U.S.C.A.App. §§ 688, 761 (West 1975). *Miles* followed the FELA damages scheme in determining the damages available in a Jones Act and general maritime claim. Because FELA limits recovery to pecuniary damages in wrongful death suits, *Michigan Cent. R. Co. v. Vreeland,* 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417 (1913), *Miles* rejected recovery of damages for loss of society and lost future earnings in Jones Act claims, *Miles,* 498 U.S. at 33, 36, 111 S.Ct. at 326, 328. It extended this holding to wrongful death claims brought under general maritime law. *Id.* The uniformity principle evinced by this holding was consistent with earlier Supreme Court opinions that held that remedies available under DOHSA preempt other damages available under conflicting statutory schemes. *Mobil Oil Corp. v. Higginbotham,* 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978) (barring additional damages under general maritime law); *Offshore Logistics, Inc. v. Tallentire, et al.,* 477 U.S. 207, 211, 106 S.Ct. 2485, 2488, 91 L.Ed.2d 174 (1986) (barring additional state law damages).

A major distinction between *Miles* and the instant case is that *Miles* dealt with a wrongful death claim. *Miles* therefore does not precisely preclude the availability of punitive damages in this maintenance and cure action. *Guevara v. Maritime Overseas Corp.,* 59 F.3d at 1507 n. 9; *Horsley v. Mobil Oil Corp.,* 15 F.3d 200, 202 (1st Cir.1994).

Despite this distinction, concern for uniformity and extending the *Miles* FELA analogy to the Jones Act should yield the same result in the instant case. In *Miles,* the Supreme Court was concerned about preserving uniform maritime law when common law and statutory law conflict.[2] *Miles,* 498 U.S. at

---

1. Congressional intent does not aid analysis of the Jones Act. Unlike the Death on the High Seas Act ("DOHSA"), 46 U.S.C.A.App. §§ 761–768 (West 1975), which limits damages to pecuniary losses, 46 U.S.C.A.App. § 762 (West 1975), the Jones Act does not limit damages to any particular form, *Miles,* 498 U.S. at 32, 111 S.Ct. at 325–26; *see also Mobil Oil Corp. v. Higginbotham,* 436 U.S. 618, 625, 98 S.Ct. 2010,

2015, 56 L.Ed.2d 581 (1978) ("There is a basic difference between filling a gap left by Congress' silence and rewriting rules that Congress has affirmatively and specifically enacted.").

2. The Supreme Court voiced the same concern in earlier maritime cases. *See Moragne v. States Marine Lines, Inc.,* 398 U.S. 375, 401–02, 90 S.Ct. 1772, 1788, 26 L.Ed.2d 339 (1970) ("Our

32–33, 111 S.Ct. at 325–26. The Fourth Circuit has stated the same concern. *Meaige v. Hartley Marine Corp.*, 925 F.2d 700, 702 (4th Cir.) ("Uniformity of application throughout the nation is a central purpose and feature of this exclusive [admiralty] jurisdiction.") (*citing The Lottawanna (Rodd v. Heartt)*, 21 Wall. (88 U.S.) 558, 575, 22 L.Ed. 654 (1874)), *cert. denied*, 501 U.S. 1217, 111 S.Ct. 2826, 115 L.Ed.2d 996 (1991). In the instant case, a conflict again reveals itself between the Jones Act and general maritime law.[3] It would border on the arbitrary for this Court to allow punitive damages in maintenance and cure actions under the Jones Act but, in accordance with the *Miles* decision, to disallow the same damages in wrongful death actions under the same Act.

In addition, application of the *Miles* FELA analogy to maintenance and cure cases under the Jones Act leads this Court to bar punitive damages, because FELA does not provide for punitive damages for nonfatal injuries. *Guevara*, 59 F.3d at 1507 n. 9; *Miller v. American President Lines, Ltd.*, 989 F.2d 1450, 1457 (6th Cir.) ("It has been the unanimous judgment of the courts since before the enactment of the Jones Act that punitive damages are not recoverable under the Federal Employers' Liability Act.") (citing *Kozar v. Chesapeake & Ohio Ry. Co.*, 449 F.2d 1238, 1243 (6th Cir.1971)), *cert. denied*, — U.S. ——, 114 S.Ct. 304, 126 L.Ed.2d 252 (1993); *Cain v. Southern Ry. Co.*, 199 F. 211, 212 (C.C.E.D.Tenn.1911); *Wildman v. Burlington Northern R. Co.*, 825 F.2d 1392, 1395 (9th Cir.1987); *Mardoc Asbestos Case Clusters 1, 2, 5 and 6*, 768 F.Supp. 595, 596–97 (E.D.Mich.1991) (extending FELA analogy to Jones Act).[4]

The Court is aware of decisions by this Court and the Fourth Circuit that have addressed this issue. In *Manuel v. United States*, 50 F.3d 1253 (4th Cir.1995), the Fourth Circuit examined whether a seaman can sue the private operator of a government-owned ship for arbitrary and willful failure to pay maintenance and cure. In determining the issue, the court noted:

> Under general maritime law, a seaman injured while employed aboard a ship is entitled to receive maintenance and cure, and he can bring an admiralty suit to recover any unpaid maintenance and cure benefits. Courts have long awarded punitive damages to seamen where maintenance and cure benefits have been arbitrarily and willfully denied.

recognition of a right to recover for wrongful death under general maritime law will assure uniform vindication of federal policies, removing the tensions and discrepancies that have resulted from the necessity to accommodate state remedial statutes to exclusively maritime substantive concepts.").

3. If this case were brought under general maritime law, and no cause of action were available under admiralty statutes, punitive damages would be "theoretically" available. *Furka v. Great Lakes Dredge & Dock Co.*, 755 F.2d 1085, 1091 (4th Cir.), *cert. denied*, 474 U.S. 846, 106 S.Ct. 136, 88 L.Ed.2d 112 (1985). *But see Boykin v. Bergesen D.Y. A/S*, 822 F.Supp. 324, 326 (E.D.Va.1993) (holding punitive damages unavailable for survival claims under general maritime law); *Gaines v. Ampro Fisheries*, 836 F.Supp. 347, 349 n. 3 (E.D.Va.1993) (holding punitive damages not recoverable for retaliatory discharge claim under general maritime law).

4. One argument against recovery of punitive damages derives from the contractual nature of some maintenance and cure claims. Under Virginia law, punitive damages are unavailable in contract actions, absent a willful, independent tort. *Gateway Technologies Inc. v. MCI Telecom-*

*munications Corp.*, 64 F.3d 993, 999 (5th Cir. 1995) ("Under Virginia law, punitive damages cannot be imposed merely for breach of contract."); *Wallace v. Hartford Ins. Co.*, 583 F.Supp. 1108, 1109 (W.D.Va.1984) (stating the Virginia rule). The Second Circuit refused to award punitive damages in an admiralty claim that was contract-based for this reason. *Thyssen, Inc. v. S.S. Fortune Star*, 777 F.2d 57, 62–66 (2d Cir.1985) (rejecting punitive damages in deviation claim). Hence, punitive damages should not be available in maintenance and cure claims that are contractual in nature. The Fifth Circuit extended this rule in the interest of consistency, refusing in dictum to disrupt the uniformity of admiralty law by distinguishing between tort-like claims and contract-like maintenance and cure claims. *Guevara*, 59 F.3d at 1513.

The contract argument is unnecessary, however. The Supreme Court's uniformity principle trumps consideration of state law in this Circuit. *Meaige*, 925 F.2d at 700–01 ("Although the Fourth Circuit recognizes that admiralty law sometimes looks to state law for the rule of decision, it does so only when there is no admiralty rule on point and when doing so would not undermine uniformity.") (*citing Byrd v. Byrd*, 657 F.2d 615 (4th Cir.1981)).

*Id.* at 1259–60. Dictum in *Lady Deborah, Inc. v. Ware,* 855 F.Supp. 871, 871 n. 1 (E.D.Va.1994) is consistent with *Manuel,* similarly assuming the availability of punitive damages. The *Lady Deborah* decision notes that "general maritime law provides seamen the maintenance and cure remedy ... by awarding ... punitive damages to seam[e]n forced to bring their claims to court".

As *Carolina Clipper, Inc. v. Axe,* 902 F.Supp. 680, 684 n. 3 (E.D.Va.1995) correctly notes, the *Manuel* and *Lady Deborah* language is nonbinding dicta; moreover, one of the two cases to which the Fourth Circuit cited in support of its statement[5] has since been largely overruled.[6] *Carolina Clipper* relies instead on a one-page, unpublished order of this district, which cites to Ninth and Fifth Circuit law, and it holds that punitive damages are not available in maintenance and cure cases. 902 F.Supp. at 684. The opinion does not address the viable opening in Fourth Circuit law that would allow for recovery of punitive damages in maintenance and cure cases. However, this Court concurs with *Carolina Clipper*'s result and extends the Supreme Court's ruling against recovery of punitive damages in wrongful death actions to maintenance and cure claims on the two grounds enumerated above: the Supreme Court's and the Fourth Circuit's emphasis on uniformity, and the *Miles* analysis of FELA, which bars punitive damages in nonfatal injury claims as well as wrongful death actions.

 In light of the fact that attorney's fees may be considered a form of punitive damages, the Court clarifies that the award of attorney's fees may be recovered in maintenance and cure cases. *See Guevara,* 59 F.3d at 1513; *C.E.H. Inc. v. F/V "Seafarer",* 148 F.R.D. 469, 472 (D.R.I.1993), *aff'd,* 153 F.R.D. 491 (D.R.I.1994).[7] The Supreme Court has sanctioned the recovery of attor-

ney's fees under general maritime law in actions brought by seamen who are forced to hire attorneys to obtain maintenance and cure due to the callous attitude of the employer. *Vaughan v. Atkinson,* 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962). This finding was supported by the policy underlying maintenance and cure actions, which protects seamen and induces owners to protect the safety and health of seamen. *Vaughan,* 369 U.S. at 531, 82 S.Ct. at 999–1000 (citing *Calmar S.S. Corp. v. Taylor,* 303 U.S. 525, 528, 58 S.Ct. 651, 653, 82 L.Ed. 993 (1938)). In recognition of this reasoning, the Fifth Circuit overruled *Holmes* only to the extent that it ruled that punitive damages are unavailable in maintenance and cure actions. It allowed the recovery of attorney's fees upon a "proper showing of egregious fault". *Guevara,* 59 F.3d at 1513. Attorney's fees are therefore recoverable in maintenance and cure actions.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion insofar as it precludes the award of punitive damages in maintenance and cure cases.

The Clerk is **DIRECTED** to send a copy of this order to counsel for Plaintiff and counsel for Defendant.

It is so **ORDERED.**

---

5. *Holmes v. J. Ray McDermott & Co. Inc.,* 734 F.2d 1110, 1118 (5th Cir.1984); *Robinson v. Pocahontas, Inc.,* 477 F.2d 1048, 1051–52 (1st Cir. 1973).

6. *Guevara,* 59 F.3d at 1513 (overruling *Holmes* ).

7. *C.E.H.* noted that the *Pocahontas* decision, which allowed recovery of punitive damages, relied on *Vaughan* 's upholding attorney's fees in a

maintenance and cure case. *C.E.H.,* 148 F.R.D. at 472. The opinion reveals a view of attorney's fees as a form of punitive damages: "The Second Circuit has *limited punitive damages* in claims for wrongful failure to pay maintenance and cure *to an award of attorney's fees."* *Id.* (*citing Kraljic v. Berman Enterprises, Inc.,* 575 F.2d 412 (2d Cir. 1978)) (emphasis added).